OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with *906 costs, defendant’s motion to dismiss granted and the certified question answered in the negative.
In January 1985, plaintiff, who has the genetic trait for sickle cell anemia, began receiving prenatal care at a hospital owned and operated by defendant New York City Health and Hospitals Corporation. Aware that a child of parents who both have the sickle cell trait has a 25% chance of being born with the disease, plaintiff also arranged for the father of her unborn child to be genetically tested for that trait. On January 16, 1985, the father’s test results were erroneously read as negative. Plaintiff, who alleges she otherwise would have terminated her pregnancy, thereafter carried to term, and on August 30, 1985, gave birth to an infant, who two weeks later was discovered to have sickle cell anemia.
On September 11, 1986, plaintiff commenced this action for medical malpractice, seeking damages for the pecuniary expenses to be incurred in the care and treatment of the child during his lifetime. Defendant, in turn, moved to dismiss the action on the ground that it was untimely. In granting that motion, Supreme Court rejected plaintiff’s contention that the one-year-and-90-day Statute of Limitations* had been tolled by reason of the continuous treatment doctrine. On appeal, however, a divided Appellate Division reversed.
Contrary to the conclusion reached by the Appellate Division, the continuous treatment doctrine did not serve to toll the Statute of Limitations in this case. That doctrine applies only when the course of treatment which includes the wrongful act or omission has run continuously and is related to the same original condition (see, Nykorchuck v Henriques, 78 NY2d 255, 258-259; McDermott v Torre, 56 NY2d 399, 405; Borgia v City of New York, 12 NY2d 151, 155). Here, however, the alleged act of malpractice — the misreading of the father’s genetic test results — was simply not committed in relation to the ongoing obstetric care that plaintiff received (see, Nykorchuck v Henriques, supra, at 259). Accordingly, the continuous treatment doctrine does not apply, and therefore this action must be dismissed as untimely.
*907 Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur in memorandum; Judge Alexander taking no part.
Order reversed, etc.

 McKinney’s Uncons Laws of NY § 7401 (2) (New York City Health and Hospitals Corporation Act § 20 [2]; L 1969, ch 1016, § 1, as amended).