■ MICHELE KAKOULLIS et al., Appellants, v HARRI H. JANSSEN, M.D., P. C., et al., Defendants, and ABRAHAM I. FELDMAN, M.D., P.C., et al., Respondents. (And Another Related Action.) —Casey, J. Appeal from a judgment of the Supreme Court (Harris, J.), entered August 7, 1991 in Ulster County, which granted certain defendants' motions for summary judgment dismissing the complaint against them.

The two actions involved in this appeal allege malpractice, arising out of the labor and delivery of plaintiff James Kakoullis, Jr. at Benedictine Hospital in Ulster County on Janu-

ary 16, 1980. Action No. 1 seeks to recover damages for the pain and suffering plaintiff Michele Kakoullis (hereinafter plaintiff) experienced during a prolonged and difficult labor during the birth of her son. Permanent injury is not alleged. She also seeks damages for the emotional distress allegedly incurred by her due to the condition of her infant. Included in action No. 1 is a derivative cause of action on behalf of plaintiff's husband, plaintiff James Kakoullis. Action No. 2 was commenced on behalf of the infant seeking damages for injuries he sustained at the time of his birth. This appeal, however, is limited to the dismissal of the complaint in action No. 1.

Plaintiff did not sustain any physical injury and because her pain and suffering is not alleged to be permanent, but rather is that pain associated with the childbirth process resulting from the prolonged labor and delivery of her son, it is not actionable (see, Prado v Catholic Med. Ctr., 145 AD2d 614, 615). In the absence of an independent physical injury to plaintiff, her cause of action seeking recovery for emotional or psychic harm occasioned by the birth of her child in an alleged impaired state must also fail (see, Tebbutt v Virostek, 65 NY2d 931, 932-933; Bubendey v Winthrop Univ. Hosp., 151 AD2d 713, 714). Plaintiff having failed to set forth a cognizable claim, the derivative action of plaintiff's husband must also fail (see, Wittrock v Maimonides Med. Ctr.-Maimonides Hosp., 119 AD2d 748, lv denied 68 NY2d 607; Gastwirth v Rosenberg, 117 AD2d 706, lv denied 68 NY2d 602).

Lastly, plaintiffs claim that defendants have failed to support their motion for summary judgment with an affidavit of merit. We find this contention untenable because the evidence in the record establishes as a matter of law that plaintiffs have no cognizable claim. Accordingly, Supreme Court correctly granted summary judgment to defendants dismissing the complaint in action No. 1. The judgment appealed from should therefore be affirmed.

Mikoll, J. P., Levine, Mahoney and Harvey, JJ., concur. Ordered that the judgment is affirmed, with one bill of costs.