■ MARION L. SCOTT et al., Respondents, v CAPITAL AREA COMMUNITY HEALTH PLAN, INC., et al., Appellants. [594 NYS2d 370] —Mercure, J. Appeal from an order of the Supreme Court (Cobb, J.), entered February 20, 1992 in Columbia County, which denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff Marion L. Scott (hereinafter plaintiff) delivered a stillborn full-term fetus on July 1, 1990. Plaintiffs commenced this action to recover for alleged medical malpractice commit-

---

ted by defendants in their prenatal care of plaintiff and particularly the failure of defendant Trish Bagley, a nurse practitioner employed by defendant Capital Area Community Health Plan, Inc., to properly diagnose fetal cardiac and pulmonary distress on and after June 21, 1990. The injury alleged in the complaint was "the physical pain and suffering, emotional torture, and psychological distress of delivering a dead fetus" and "great emotional distress and psychological harm" after delivery of the fetus.

Following joinder of issue, defendants moved for summary judgment dismissing the complaint for failure to state a cause of action upon the ground that, absent physical injury distinct from that suffered by the stillborn fetus, a plaintiff may not recover for emotional and psychic harm (see, *Tebbutt v Virostek,* 65 NY2d 931; *Vaccaro v Squibb Corp.,* 52 NY2d 809). In opposition to the motion, plaintiffs submitted an affidavit stating that at the time of plaintiff's June 21, 1990 appointment with Bagley she complained of a rapid heartbeat, nausea, shortness of breath and chest pains, and that she experienced these symptoms until the June 28, 1990 death of the fetus. In addition, plaintiffs submitted an affidavit of Nicholas Criares, a physician specializing in obstetrics and gynecology, wherein he states his opinion that the symptoms described by plaintiff were "sequelae of fetal heart distress", that the negligent prolongation of plaintiff's symptoms constitutes a " 'physical injury' within that term's plain accepted meaning" and was not a part of the normal birthing process, and that defendants' conduct exposed plaintiff to "a medically unjustifiable risk of serious medical harm to her individually, e.g. cardiac arrest". Plaintiffs appended to their papers an amended bill of particulars which alleged for the first time that plaintiff "sustained prolonged physical suffering consisting of elevated pulse, chest pains, shortness of breath and nausea between [June 21, 1990 and June 28, 1990]—none of which were sequelae of the normal birthing process". Supreme Court denied defendants' motion upon the ground that plaintiffs had alleged sufficient physical injury to plaintiff to sustain the cause of action. Defendants appeal.

We reverse. It is well settled that a mother may not recover for emotional and psychic harm as the result of a stillbirth absent physical injuries distinct from the injury to the fetus *(see, supra).* Conceding this, it is plaintiffs' position that their amended bill of particulars alleges such independent physical injuries. We disagree. Even accepting for the sake of argument that the temporary symptoms alleged by plaintiff may

be properly characterized as an "injury", we are nonetheless of the view that they are by no means distinct or independent from the cardiac distress suffered by the fetus. To the contrary, they are the direct result and, in fact, the very manifestation of the fetal impairment. In direct contrast to the factual setting of *Endresz v Friedberg* (24 NY2d 478), relied upon by Supreme Court, this is not a case where the fetal demise was a proximate result of the injury to the mother *(see, Sceusa v Mastor,* 135 AD2d 117, 121, *lv dismissed* 72 NY2d 909; *Farago v Shulman,* 104 AD2d 965, 966, *affd on mem below* 65 NY2d 763). Rather, it is one where the injuries alleged by the mother were caused by the breach of a claimed duty to the fetus. It is undisputed that there may be no recovery for prepartum injuries to a fetus unless the child is delivered alive *(see, Woods v Lancet,* 303 NY 349, 357).

The cases relied upon by plaintiffs do not support a contrary result. In *Lynch v Bay Ridge Obstetrical & Gynecological Assocs.* (72 NY2d 632), the plaintiff sought medical treatment for herself, not in connection with pregnancy but because she had missed three menstrual periods. The defendant physician erroneously determined that the plaintiff was not pregnant and prescribed a hormonal drug intended to bring about the resumption of her normal menstrual cycle. Damages were alleged not for the unintended death of the fetus but, rather, as the result of the elective termination of the pregnancy to avoid the effect of the drug *(supra)*. Similarly, in *Ferrara v Bernstein* (179 AD2d 79, 84-85, *lv granted* 184 AD2d 1092), the plaintiff did not receive treatment for pregnancy and childbirth. Quite the opposite, she went to the defendants for an abortion. Damages arose from the plaintiff's subsequent miscarriage at a time when she had no reason to believe she was pregnant. In sustaining the cause of action, the First Department reasoned that the "plaintiff's emotional distress does not derive so much as from what happened to the fetus, but rather from what happened to *her* in undergoing a spontaneous miscarriage" *(supra,* at 85 [emphasis in original]).

Weiss, P. J., Levine, Mahoney and Harvey, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion granted and complaint dismissed.