[614 NYS2d 459]

Tina LaBello, as Parent and Natural Guardian of Donald LaBello, an Infant, Respondent, v Albany Medical Center Hospital et al., Appellants.

Third Department, July 7, 1994

## APPEARANCES OF COUNSEL

*Maynard, O'Connor & Smith,* Albany *(Christine K. Krackeler* and *Arete Sprio* of counsel), for appellants.

*Michaels & Bell, P. C.,* Auburn *(Paul C. Campbell* and *John V. Bell* of counsel), for respondent.

## OPINION OF THE COURT

WHITE, J.

In her complaint in this medical malpractice action stemming from defendants' prenatal treatment of her, plaintiff alleges that, between November 9, 1982 and November 11, 1982, defendants failed to correctly and properly assess the significance of an ultrasound report and an amniocentesis test and permitted her to proceed beyond full term, thereby causing the infant to be born on November 30, 1982 with severe and permanent injuries. Because plaintiff did not commence this action until November 23, 1992, defendants included two affirmative defenses relating to the Statute of Limitations in their answer. Plaintiff's motion to strike these defenses was granted by Supreme Court, giving rise to this appeal by defendants.

The Statute of Limitations for a medical malpractice action is 2½ years, which may be tolled during a plaintiff's infancy for a maximum of 10 years from the accrual of the claim *(see,* CPLR 208, 214-a). As a general rule, a medical malpractice action accrues at the time of the commission of the alleged malpractice subject to the continuous treatment doctrine and foreign object exception *(see, Goldsmith v Howmedica, Inc.,* 67 NY2d 120, 122).

Plaintiff would have us create another exception for prenatal injury cases by establishing the date of birth as the accrual date. The rationale for her argument is that a cause of action for prenatal injuries cannot be pursued unless the child is born alive *(see, Scott v Capital Area Community Health Plan,* 191 AD2d 772, *lv denied* 82 NY2d 656).

Plaintiff cites no authority supporting her position. In fact, in an analogous medical malpractice case, *Jorge v New York*

*City Health & Hosps. Corp.* (164 AD2d 650, *revd on other grounds* 79 NY2d 905), arising out of the defendant's misreading of genetic test results of the child's father early in the mother's pregnancy, the First Department noted that Supreme Court was correct in its determination that the cause of action accrued on the date the test result was misread. Likewise, in another prenatal injury case, the cause of action was deemed to have accrued on the date the plaintiff's physician negligently attributed her illness to food poisoning, rather than to rubella, the First Department holding that a medical malpractice claim accrues on the date of the original act, omission or complained-of failure *(see, Branigan v DeBrovner,* 197 AD2d 270). We also conclude that plaintiff's cause of action accrued when defendants allegedly misread the test results on November 9, 1982 and November 11, 1982.

We note that our conclusion is in accord with the legislative intent expressed in CPLR 214-a recognizing the continuous treatment doctrine and the foreign object rule as the only exceptions to the general rule regarding the accrual of a medical malpractice cause of action, and courts have been reluctant to broaden the narrow confines of the exceptions contained in CPLR 214-a *(see, Rockefeller v Moront,* 81 NY2d 560). Moreover, there are no public policy reasons for creating an exception for prenatal injury cases since the infancy toll provision of CPLR 208 provides an injured infant with an ample period of time within which to seek redress.

Even if the Statute of Limitations is tolled under the continuous treatment doctrine to November 30, 1982, the date of the infant's birth, plaintiff would not benefit since the 10-year infancy toll runs from the date the act of malpractice occurred rather than from the end of the period of continuous treatment *(see, Matter of Daniel J. v New York City Health & Hosps. Corp.,* 77 NY2d 630, 634). Accordingly, we find that Supreme Court should have denied plaintiff's motion since this action was commenced more than 10 years after the accrual of the cause of action.

In our view the dissent's reliance on *Kronos, Inc. v AVX Corp.* (81 NY2d 90) is misplaced because there is nothing therein to indicate that the general proposition that a tort cause of action does not accrue until an injury is sustained or when all the elements of the tort can be truthfully alleged in the complaint overrides the recently reiterated rule that a malpractice cause of action accrues at the time of the commission of the alleged act of malpractice *(see, Rockefeller v*

*Moront, supra).* Moreover, the dissent overlooks the distinction between a cause of action and a right of action, the latter being the legal right to maintain an action based upon a given state of facts or transaction (Black's Law Dictionary 1190 [5th ed 1979]). The fact that an action for prenatal injuries cannot be pursued unless the infant is born alive is not a substantive element of a malpractice cause of action *(see,* 5 Carmody-Wait 2d, NY Prac § 29:874, at 391), but rather is a limitation upon the infant's right to maintain such action. Thus, it has no relevancy to the accrual of plaintiff's cause of action in this case.

For these reasons, Supreme Court should have denied plaintiff's motion seeking to dismiss defendants' affirmative defenses asserting the Statute of Limitations.

YESAWICH JR., J. (dissenting). We respectfully dissent and vote to affirm Supreme Court's order.

We cannot subscribe to the premise necessarily underlying the majority's decision, that the infant's cause of action accrued before he was born. Although in most instances a malpractice action accrues when the act of malpractice is committed, that is also ordinarily the first time at which the injured party could possibly allege all of the elements of the tort.* Here, however, this specific "rule" must yield to the general principle that no action can accrue until the plaintiff has a legal right to relief *(see, Kronos, Inc. v AVX Corp.,* 81 NY2d 90, 94); inasmuch as there could be no liability until the infant was born alive *(see, Endresz v Friedberg,* 24 NY2d 478, 485-486; *Scott v Capital Area Community Health Plan,* 191 AD2d 772, 774), his claim could not have been stated, and therefore could not have accrued, until that time; accordingly, it should not be considered time barred.

Nor do we believe that the distinction between a "cause of action", which the majority claims accrues when the malpractice is committed, and the infant's "right of action", which it

---

* Significantly, in none of the cases cited by the majority has it been held that *an infant plaintiff's* cause of action was barred because it accrued prior to his or her birth. In the only one of those cases to have reached the Court of Appeals *(Jorge v New York City Health & Hosps. Corp.,* 164 AD2d 650, *revd on other grounds* 79 NY2d 905), the parents were clearly seeking redress for their own damages, for they claimed that had malpractice not been committed, they would have terminated the pregnancy *(see, supra,* at 651). And in *Branigan v DeBrovner* (197 AD2d 270), the Court did not need to address the question raised here, because the continuous treatment doctrine tolled the limitations period for both the mother and her son.

admits does not mature until birth, compels a different result. In fact, it would appear that, if this distinction is not wholly illusory, it is only the latter which triggers the running of the limitations period. Notably, in *Jacobus v Colgate* (217 NY 235) a "cause of action" was defined as " 'the right to prosecute an action with effect' " *(supra,* at 241, quoting *Patterson v Patterson,* 59 NY 574, 578), and it was explained that " '[i]t is not possible for one at the same time to have a cause of action and not to have the right to sue' " *(supra,* at 241, quoting *Walters v City of Ottawa,* 240 Ill 259, 263, 88 NE 651). Thus, it would appear that a cause of action cannot accrue until there is a right of action, as that term is defined by the majority. "The rule", as Judge Cardozo noted, "is that the Statute of Limitations does not begin to run against a suitor until the state has supplied him with a tribunal in which his suit may be maintained", and furthermore, "[a] cause of action does not accrue until its enforcement becomes possible" *(Jacobus v Colgate, supra,* at 244-245). Hence, inasmuch as the infant could not have brought suit in any tribunal until he was born, we are of the opinion that the limitations period could not begin to run against him prior to that time.

MERCURE and CREW III, JJ., concur with WHITE, J.; YESAWICH JR., J., and MIKOLL, J. P., dissent in a separate opinion by YESAWICH JR., J.

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the motion dismissing the third and fourth affirmative defenses in the answer; motion denied to that extent; and, as so modified, affirmed.