■ TRACY PARSONS, Individually and as Administratrix of the Estate of TYLER PARSONS, Deceased, et al., Appellants, v CHENANGO MEMORIAL HOSPITAL et al., Respondents. [620 NYS2d 604] —Mercure, J. Appeal from an order of the Supreme Court (Monserrate, J.), entered July 22, 1993 in Chenango County, which, *inter alia,* granted defendants' cross motions for partial

summary judgment dismissing plaintiffs' third and fourth causes of action.

A review of the record indicates that plaintiff Tracy Parsons (hereinafter plaintiff) did not sustain independent physical injuries during childbirth, caused by defendants' negligence, which would entitle her to maintain an action for emotional injuries occasioned by the death of her newborn son *(see, Scott v Capital Area Community Health Plan,* 191 AD2d 772, 773, *lv denied* 82 NY2d 656; *Kakoullis v Janssen,* 188 AD2d 769, 770; *Bauch v Verrilli,* 146 AD2d 835, 836; *Prado v Catholic Med. Ctr.,* 145 AD2d 614, 615; *cf., McLean v Lilling,* 140 Misc 2d 191).* We reject plaintiff's argument that the pain and suffering which she experienced during her prolonged, difficult and futile attempts at vaginal delivery, but which resulted in no permanent physical injuries to her, is actionable *(see, e.g., Scott v Capital Area Community Health Plan, supra* [the plaintiff suffered from rapid heartbeat, chest pains, shortness of breath and nausea in connection with the birth of her stillborn child]; *Kakoullis v Janssen, supra* [the plaintiff experienced pain and suffering from prolonged labor in the delivery of her son]; *Prado v Catholic Med. Ctr., supra* [the plaintiff experienced extended pain from the delayed cesarean section delivery of her stillborn child]). We also reject plaintiff's argument that the prolonged labor is sufficient to demonstrate that she was within a zone of danger, permitting recovery even absent independent physical injury *(see, Sceusa v Mastor,* 135 AD2d 117, 120-121, *lv dismissed* 72 NY2d 909). Finally, the fourth cause of action on behalf of plaintiff's husband must also be dismissed, inasmuch as it is derivative in nature *(see, Kakoullis v Janssen, supra,* at 770).

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.