DONNA M. WEED et al., Individually and as Parents and Natural Guardians of ANDREA WEED, an Infant, Appellants, v SUZANNE MEYERS, Defendant, and ROBERT A. SMALLMAN, Respondent. (Action No. 1.) DONNA M. WEED et al., Individually and as Parents and Natural Guardians of BRANDON WEED, an Infant, Appellants, v SUZANNE MEYERS, Defendant, and ROBERT A. SMALLMAN, Respondent. (Action No. 2.) [674 NYS2d 242] —Order unanimously affirmed without costs. Memorandum: These medical malpractice actions were commenced by plaintiffs, individually and as parents of their two infant children, to recover damages allegedly resulting from the failure of Robert A. Smallman, M.D. (defendant), to warn of the risk that a child born to plaintiff James Weed (father) could develop retinoblastoma, a hereditary form of eye cancer. Defendant, an ophthalmologist, treated the father for retinoblastoma in 1966 and continued to see the father periodically for routine eye examinations until August 1990. The children, born in August 1989 and December 1990, were each diagnosed with retinoblastoma. The complaints seek damages for injury to the children, emotional and psychological harm to the father and pecuniary expenses incurred for the care and treatment of the children.

Supreme Court properly granted the motions of defendant for summary judgment dismissing the complaints against him. The causes of action on behalf of the children cannot be maintained against defendant based upon his alleged failure to provide genetic counseling to the father (*see, Becker v Schwartz*, 46 NY2d 401, 411; *Keselman v Kingsboro Med. Group*, 156 AD2d 334, 335, *lv dismissed* 76 NY2d 845). Further, the children were not identifiable beings within the zone of danger when the alleged malpractice was committed, and defendant owed no duty to them independent of the duty owed to their father (*see, Albala v City of New York*, 54 NY2d 269, 272; *cf., Tenuto v Lederle Labs.*, 90 NY2d 606, 614). "In the absence of duty, there is no breach and therefore no liability" (*De Angelis v Lutheran Med. Ctr.*, 84 AD2d 17, 22, *affd* 58 NY2d 1053; *see, Moore v Shah*, 90 AD2d 389, 391).

Contrary to the contention of plaintiffs, their derivative causes of action did not accrue upon the birth of the children but on the date of the alleged malpractice (*see, Jorge v New York City Health & Hosps. Corp.*, 79 NY2d 905, 906; *cf., La-Bello v Albany Med. Ctr. Hosp.*, 85 NY2d 701, 704). Because the alleged malpractice occurred more than 2½ years prior to

the commencement of the actions, the derivative causes of action are time-barred (*see*, CPLR 214-a). Finally, the father may not recover damages for emotional injuries he allegedly sustained as the result of defendant's failure to warn him of the risk that his children could inherit retinoblastoma (*see, Vaccaro v Squibb Corp.*, 52 NY2d 809; *Becker v Schwartz, supra*, at 413; *Howard v Lecher*, 42 NY2d 109, 112). (Appeal from Order of Supreme Court, Niagara County, Koshian, J.—Summary Judgment.) Present—Green, J. P., Lawton, Wisner, Callahan and Boehm, JJ.