■ YVONNE PIETRUNTI et al., Appellants, v ISLAND DIAGNOSTIC LABORATORIES, Respondent. [676 NYS2d 225] —In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Richmond County (Leone, J.), entered July 18, 1997, which granted the defendant's motion pursuant to CPLR 3211 dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Yvonne Pietrunti (hereinafter the mother) accompanied her three-year-old daughter to the defendant's laboratory in order to have the child's blood drawn for testing in preparation for entry to pre-school. Although Mrs. Pietrunti complained that she became ill at the sight of blood, when the phlebotomist asked her to assist in calming the child, she remained in the room while the 10-minute procedure was performed. After the procedure was over and the phlebotomist had left the room, Mrs. Pietrunti washed her child's hands, placed a bandaid on her child's finger and walked toward the waiting room, where she collapsed, breaking her leg. She commenced this action alleging, *inter alia,* that the defendant's employee owed her a duty of care because he required that she remain in the room during the procedure, and because he was aware that she was displaying symptoms of faintness. The court granted the defendant's motion to dismiss the complaint on the ground that it owed no duty to Mrs. Pietrunti, and we affirm.

It is well established that in a negligence action a plaintiff must establish that the defendant owed him or her a duty, and that the duty was breached, causing injury (*see, Pulka v Edelman,* 40 NY2d 781, 782). The essential question is whether the injured plaintiff's interests are entitled to legal protection against the defendant's conduct. "[T]he determination of the existence of a duty and the concomitant scope of that duty involve a consideration not only of the wrongfulness of the defendant's action or inaction, they also necessitate an examination of plaintiff's reasonable expectations of the care owed him by others" (*Turcotte v Fell,* 68 NY2d 432, 437). In analyzing whether the defendant owed the injured plaintiff a duty, therefore, it is necessary to consider the risks assumed by the injured plaintiff (*see, Turcotte v Fell, supra,* at 438).

Contrary to the plaintiffs' contention, Mrs. Pietrunti's expectation that the phlebotomist would protect her from falling and breaking her leg was unreasonable in light of the facts established herein. There is no evidence in the record that the phlebotomist required that Mrs. Pietrunti remain in the room,

nor is there evidence that her symptoms were so pronounced that it was clear that she was on the verge of fainting. Indeed, after the procedure was concluded and the phlebotomist had left the room, Mrs. Pietrunti was able to wash the child's hands and place a bandaid on the child's finger without incident. Under the circumstances, the court properly granted the defendant's motion (*see, Zuckerman v City of New York,* 49 NY2d 557, 562). Bracken, J. P., Copertino, McGinity and Luciano, JJ., concur.