■ CARMEN CANDELARIO, Respondent, v L. TEPERMAN et al., Appellants. [789 NYS2d 133]—

Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered April 5, 2004, which granted defendants' motion to renew and, upon renewal, adhered to a prior order, same court and Justice, entered January 8, 2003, denying defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion for summary judgment granted. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

Plaintiff's mother, Gloria Diaz, was diagnosed as having hepatitis C in 1992, and, until her death in 1994, was treated for that disease by defendant Dr. Teperman at defendant New York University Medical Center (the hospital). At several points during the two years between her diagnosis of hepatitis C and her death, Diaz was released from the hospital and was cared for by plaintiff at plaintiff's home. In the course of caring for her mother, plaintiff allegedly came into contact with Diaz's bodily fluids capable of transmitting the virus that causes hepatitis C.

In 1997, plaintiff was diagnosed as having hepatitis C, which she allegedly contracted as the result of contact with her mother's bodily fluids while caring for her. Plaintiff subsequently

commenced this action against Teperman and the hospital, alleging that she contracted hepatitis C because defendants, although aware that plaintiff was caring for her mother, failed to warn plaintiff of the contagious nature of hepatitis C and failed to instruct her to take precautions against such infection. After discovery, defendants moved for summary judgment dismissing the complaint on the ground that the record established, as a matter of law, that defendants owed no duty of care to plaintiff, who had not been their patient. Supreme Court initially denied the motion, and, upon renewal, adhered to that determination. We now reverse.

This case is controlled by *McNulty v City of New York* (100 NY2d 227 [2003]), in which the Court of Appeals held that a physician does not owe a duty of care to a nonpatient, even if the physician knows that the nonpatient is caring for the physician's patient, unless the physician's treatment of the patient is the cause of the injury to the nonpatient (*cf. Tenuto v Lederle Labs.*, 90 NY2d 606 [1997] [a father injured by exposure to polio viruses in a vaccine administered to his infant child stated a claim against the pediatrician who administered the vaccine for failing to warn of the health risk the vaccine presented to the father]). In this case, there is no allegation or evidence that any treatment defendants administered to plaintiff's mother caused plaintiff to become infected with hepatitis C. We reject plaintiff's attempt to distinguish *McNulty* on the ground that the instant plaintiff, unlike the *McNulty* plaintiff, was a close relative of the patient from whom the illness was contracted. Moreover, plaintiff cannot avoid *McNulty* by characterizing her cause of action as one for ordinary negligence, rather than one for medical malpractice. The *McNulty* holding would be eviscerated if it were so easily circumvented.

Finally, to the extent, if any, the sections of the State Sanitary Code on which plaintiff relies (10 NYCRR 2.1, 2.27) may have been applicable under the facts of this case, such provisions do not create a private cause of action in her favor (*see McNulty v City of New York*, 295 AD2d 42, 54 [2002], *revd on other grounds* 100 NY2d 227 [2003], citing *Landon v New York Hosp.*, 101 AD2d 489, 495-496 [1984], *affd* 65 NY2d 639 [1985]; *Hecht v Kaplan*, 221 AD2d 100, 105 [1996]). Nor can any such cause of action be derived from Public Health Law § 225, which sets forth the powers and duties of the Public Health Council, or from Public Health Law § 2222, which sets forth actions required of physicians in treating tuberculosis, not the disease that afflicted plaintiff's mother. Concur—Tom, J.P., Friedman, Marlow and Gonzalez, JJ.