■ THERESA SPINA, Respondent, v JACK D. WEILER HOSPITAL OF THE ALBERT EINSTEIN COLLEGE OF MEDICINE et al., Appellants. [813 NYS2d 406]—

Order, Supreme Court, Bronx County (Nelson S. Roman, J.), entered April 9, 2004, which denied defendants' motion for summary judgment dismissing the complaint, or alternatively, for dismissal of the action based upon plaintiff's failure to comply with prior discovery orders, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

Plaintiff was exposed to and tested positive for tuberculosis after visiting her mother at a facility operated by defendants. Plaintiff subsequently commenced the instant action against defendants claiming that they negligently permitted patients and visitors at the facility to be exposed to tuberculosis. Supreme Court denied defendants' motion for summary judgment dismissing the complaint. We reverse.

A physician does not owe a duty of care to a nonpatient unless the physician's treatment of a patient is the cause of the injury to the nonpatient (*McNulty v City of New York*, 100 NY2d 227, 233-234 [2003]; *Candelario v Teperman*, 15 AD3d 204, 205 [2005]). Here, there is no allegation that plaintiff's injury arose from the treatment provided to "John Doe," the patient at the facility who was treated for tuberculosis and allegedly spread the disease, or any other patient. Rather, plaintiff alleges that defendants were negligent in failing both to warn patients and visitors of the risk of exposure to tuberculosis, and to isolate "John Doe" in a "timely manner." Therefore, regardless of plaintiff's characterization of her cause of action—medical malpractice or ordinary negligence—the complaint must be dismissed (*see Candelario*, 15 AD3d at 205).

Defendants' alternative argument for reversal is academic in light of our determination. Concur—Tom, J.P., Andrias, Marlow, Williams and McGuire, JJ.