■ ELEANOR G. HERRGESELL, Individually and as Limited Administrator of the Estate of DEBORAH L. LINZY, Deceased, Appellant, v THE GENESEE HOSPITAL et al., Respondents, et al., Defendants. [846 NYS2d 523]—

Appeal from an order and judgment (one paper) of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered October 17, 2006 in an action for, inter alia, wrongful death. The order and judgment, inter alia, granted the cross motions of defendants The Genesee Hospital, Patrick Connors, M.D., Vincent Chang, M.D., ViaHealth, ViaHealth Home Care, Inc., ViaHealth Home Care, II, Inc., and Chung Kim, M.D. for summary judgment dismissing the complaint against them.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously modified on the law by denying in part the cross motion of defendants The Genesee Hospital, Patrick Connors, M.D., Vincent Chang, M.D., ViaHealth, ViaHealth Home Care, Inc., and ViaHealth Home Care, II, Inc. and reinstating the complaint against defendant Patrick Connors, M.D. and as modified the order and judgment is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for, inter alia, the wrongful death of decedent, who contracted hepatitis B from her father while residing with and caring for him. Plaintiff alleged that defendants committed acts of medical malpractice and negligence and violated 10 NYCRR 2.27 in failing to warn decedent, whom they knew or should have known resided with and cared for her father, of the risks of hepatitis B and the need to take precautions against her own infection. The record establishes that, although decedent's father was the patient of every defendant, decedent was the patient of only defendant Patrick Connors, M.D.

Supreme Court erred in granting that part of the cross motion of defendants The Genesee Hospital, Dr. Connors, Vincent Chang, M.D., ViaHealth, ViaHealth Home Care, Inc., and ViaHealth Home Care, II, Inc. seeking summary judgment dismissing the complaint against Dr. Connors, and we therefore modify the order and judgment accordingly. "[A] doctor who actually treats a patient has 'a duty of care' toward that patient" (*Dallas-Stephenson v Waisman*, 39 AD3d 303, 307 [2007], quoting *McNulty v City of New York*, 100 NY2d 227, 232 [2003]). Although Dr. Connors contends that he had no duty to warn decedent as a matter of law because he was unaware, during the relevant time periods, of the relationship between decedent and her father or of decedent's related household and caretaking duties, there is a triable issue of fact concerning when Dr. Connors might have learned that decedent was at risk of contracting hepatitis B. Plaintiff's deposition testimony indicates that, at some point while decedent was caring for her infected father but before she had been diagnosed with hepatitis

B, plaintiff asked Dr. Connors why decedent "wasn't getting the shot," i.e., was not being vaccinated against hepatitis B, whereupon Dr. Connors allegedly responded that he had spoken to defendant Chung Kim, M.D. concerning decedent's potential vaccination and that "Dr. Kim [had] said it wasn't necessary."

We further conclude, however, that the court properly granted the cross motion of Dr. Kim as well as those parts of the cross motion of the remaining defendants (hereinafter, defendants) seeking summary judgment dismissing the complaint against them. A medical provider does not owe a duty to a nonpatient who sustains an injury or contracts an illness from a patient of the medical provider, even if the medical provider knows that the nonpatient is caring for that patient or is a family member or close friend of the patient "unless the [medical provider's] treatment of the patient is the cause of the injury to the nonpatient" (*Candelario v Teperman*, 15 AD3d 204, 205 [2005]; *see McNulty*, 100 NY2d at 232-234; *Spina v Jack D. Weiler Hosp. of Albert Einstein Coll. of Medicine*, 28 AD3d 311 [2006]; *see also Cohen v Cabrini Med. Ctr.*, 94 NY2d 639, 642-643 [2000]; *Ellis v Peter*, 211 AD2d 353, 356 [1995], *lv dismissed* 86 NY2d 885 [1995]). In the absence of a provider-patient relationship between defendants and decedent, or some other special relationship, defendants had no duty to warn decedent of the dangers of contracting hepatitis B in caring for her father and of the need to be vaccinated against the disease or to use other precautionary measures (*see McNulty*, 100 NY2d at 232-233; *Candelario*, 15 AD3d at 205; *see also Spina*, 28 AD3d 311 [2006]; *Hecht v Kaplan*, 221 AD2d 100, 105 [1996]; *Ellis*, 211 AD2d at 356). There is no indication in the record, nor indeed does plaintiff allege, that the injury to decedent resulted from defendants' treatment of decedent's father (*see McNulty*, 100 NY2d at 233-234; *Spina*, 28 AD3d 311 [2006]; *Candelario*, 15 AD3d at 205). Foreseeability of injury is not a determinant of the medical provider's duty under such circumstances (*see Pingtella v Jones*, 305 AD2d 38, 40 [2003], *lv dismissed* 100 NY2d 640 [2003], *rearg denied* 1 NY3d 594 [2004], *lv denied* 5 NY3d 703 [2005]; *see also Eiseman v State of New York*, 70 NY2d 175, 187 [1987]; *Strauss v Belle Realty Co.*, 65 NY2d 399, 402 [1985]). "In the absence of duty, there is no breach and therefore no liability" (*DeAngelis v Lutheran Med. Ctr.*, 84 AD2d 17, 22 [1981], *affd* 58 NY2d 1053 [1983]; *see Pingtella*, 305 AD2d at 43; *Weed v Meyers*, 251 AD2d 1062 [1998]; *Ellis*, 211 AD2d at 355). The entitlement of defendants to summary judgment is not affected by their alleged violation of 10 NYCRR 2.27, inasmuch as that regulation does not give rise to a private right of action in favor of family members or other members of

the public who have contracted or might contract a communicable disease from the medical provider's patient (*see Abraham v City of New York*, 39 AD3d 21, 25 [2007]; *Candelario*, 15 AD3d at 205; *see also Landon v New York Hosp.*, 101 AD2d 489, 496 [1984], *affd for the reasons stated* 65 NY2d 639 [1985]). Present—Gorski, J.P., Martoche, Smith, Peradotto and Green, JJ.