■ BARBARA URCIUOLI, Appellant, v LAWRENCE HOSPITAL CENTER et al., Respondents. [933 NYS2d 225]—

Plaintiff was allegedly injured when she fell from a chair after becoming dizzy while she was at defendant hospital where her mother was being treated by defendant doctor. Plaintiff testified that, at her mother's request, she remained in the treatment room while a procedure was performed on her mother and that, while she was comforting her mother at defendant doctor's request, she became dizzy and asked for help. A nurse, following defendant doctor's directive, took plaintiff by the arm and sat her in a nearby chair. Shortly thereafter, the dizziness worsened, plaintiff again asked for help, and within seconds, she slid off the chair and onto the floor, suffering spinal injuries that required surgical intervention.

Plaintiff commenced this action, asserting causes of action for

medical malpractice and ordinary negligence. Defendants moved for summary judgment, arguing, inter alia, that they did not owe a legal duty to plaintiff.

Whether a duty is owed by a physician to a patient is a question of law for the court (*McNulty v City of New York*, 100 NY2d 227, 232 [2003]). Contrary to plaintiff's contentions, defendants did not owe her a duty merely because the hospital staff assisted her into a chair (*id.* at 233). This did not constitute medical treatment. Moreover, plaintiff's expectation that the hospital staff would protect her from falling was unreasonable under the circumstances (*id.*; *Pietrunti v Island Diagnostic Labs.*, 252 AD2d 576 [1998]).

Plaintiff contends that, even if no medical duty arose, she has stated a valid claim in ordinary negligence because her injuries were caused by defendant doctor's request that she "assist" him by comforting her mother while her mother was being treated. A plaintiff cannot circumvent dismissal under *McNulty*, by characterizing her cause of action as one for ordinary negligence, rather than one for medical malpractice (*Candelario v Teperman*, 15 AD3d 204 [2005]; *see also Spina v Jack D. Weiler Hosp. of Albert Einstein Coll. of Medicine*, 28 AD3d 311, 312 [2006]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Catterson, Moskowitz, Renwick and Abdus-Salaam, JJ.