OPINION OF THE COURT
Memorandum.
The order of the Appellate Division in each of these appeals should be affirmed, with costs.
*1055 In each case, a child seeks recovery in a derivative action for loss of consortium against an alleged tort-feasor who inflicted disabling injuries on one of the child’s parents. Such actions, however real the loss incurred, were not recognized at common law and we find no reason to recognize such a right now. In particular, the existence of the right of a husband or wife, in view of the nature of the marital relation, to bring an action derived from injuries to his or her spouse, to whatever extent it may be said to be analogous, does not warrant extending this right to a child and certainly not on the equal protection grounds asserted by the appellants.
Duty is essentially a legal term by which we express our conclusion that there can be liability (see, generally, Green, The Duty Problem in Negligence Cases, 28 Col L Rev 1014). It tells us whether the risk to which one person exposes another is within the protection of the law. In fixing the bounds of that duty, not only logic and science, but policy play an important role (Becker v Schwartz, 46 NY2d 401, 408; Ventricelli v Kinney System Rent A Car, 45 NY2d 950; Pagan v Goldberger, 51 AD2d 508, 510; Ortiz v Kinoshita & Co., 30 AD2d 334, 336-337; Prosser, Torts [4th ed], § 42, pp 244-249).
A line must be drawn between the competing policy considerations of providing a remedy to everyone who is injured and of extending exposure to tort liability almost without limit. It is always tempting, especially when symmetry and sympathy would so seem to be best served, to impose new duties, and, concomitantly, liabilities, regardless of the economic and social burden. But, absent legislative intervention, the fixing of the “orbit” of duty, as here, in the end is the responsibility of the courts (see Palsgraf v Long Is. R. R. Co., 248 NY 339, 343, 345).
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg, Meyer and Simons concur.
In each case: Order affirmed, with costs, in a memorandum.