Fuchsberg, J.
(dissenting in part). Preferring the result and the reasoning reached by Judge Jasen, I join in his dissent. To this I add that the present case and the divergence of opinion it here has produced is but symptomatic of the reality that, more often than not, it is policy weighted by common sense and justice, rather than logic alone which, in the end, best probes the reaches of the considerations of duty, foreseeability, negligence and proximate cause on which the extension or contraction of tort *522 liability must rest (Sheehan v City of New York, 40 NY2d 496; Palsgraf v Long Is. R. R. Co., 248 NY 339, 352; accord De Angelis v Lutheran Med. Center, 58 NY2d 1053, 1055; Sewar v Gagliardi Bros. Serv., 51 NY2d 752, 759 [concurring opn]). Indeed, even stare decisis bows to this wisdom in personal injury litigation (People v Hobson, 39 NY2d 479, 489).
I therefore respectfully suggest that, if one stands off and judges this case, in which the physical and emotional relationship between the defendants’ wrong and the plaintiff’s rights is self-evident, the retrospective, rationalization of diverse decisions of the past to deny the plaintiff full justice will not do.
Chief Judge Cooke and Judges Jones and Wachtler concur with Judge Meyer; Judge Jasen dissents in part and votes to reverse in a separate opinion in which Judge Fuchsberg concurs; Judge Fuchsberg dissents in part in another opinion; Judge Simons taking no part.
Order modified, with costs to appellant, in accordance with the opinion herein and, as so modified, affirmed.