OPINION OF THE COURT
Harold J. Hughes, J.
The issue presented by the defendant’s motion for summary judgment is whether a hospital has a duty to warn the general public that one of its employees has come in contact with a patient with a communicable disease.
The complaint alleges that Mary Ann Warner is a licensed practical nurse employed at the Albany Medical Center Hospital. It is alleged that on November 3, 1983 the hospital admitted an elderly female patient infected with scabies; that the hospital did not warn Mary Ann Warner of the patient’s condition and after assisting another nurse in lifting the patient, Ms. Warner contracted scabies; Ms. Warner caused the disease to be transmitted to her two infant children and to William Knier. Mary Ann Warner is not a party to the litigation.
The action is premised upon a negligence theory. The defendant contends that it owed no duty to these plaintiffs. The law is settled that before a defendant can be held liable in negligence, it must be established that he or she owed a duty of care to the plaintiff (Pulka v Edelman, 40 NY2d 781). Ordinarily, a duty is owed to a particular person, or class of persons, and not to the public at large (White v Guarente, 43 NY2d 356, 361). Not all injuries are compensable through the tort system and the extent to which liability will be imposed involves a continuing balancing process between "the competing policy considerations of providing a remedy to everyone *415 who is injured and of extending exposure to tort liability almost without limit” (De Angelis v Lutheran Med. Center, 58 NY2d 1053, 1055). The lead case is still the opinion of Judge Cardozo in Palsgraf v Long Is. R. R. Co. (248 NY 339, 341) where he quoted from an earlier decision that, " 'Proof of negligence in the air, so to speak, will not do’ ”. In other words, before an alleged wrongdoer will be held liable for injury it must be shown that he or she breached a duty owed to the injured party, as opposed to the public at large. Judge Cardozo noted that a plaintiff must sue "in her own right for a wrong personal to her, and not as to the vicarious beneficiary of a breach of a duty to another” (supra, p 342).
The court must determine if the defendant owed a duty to the plaintiffs under the facts of this case. The starting point of analysis is recognition that Mary Ann Warner is not a plaintiff in this litigation. Whatever duty the hospital may have owed Ms. Warner, whether to warn or to undertake certain patient care procedures, an alleged breach by the hospital of that duty is of no benefit to the plaintiffs since, as stated by Judge Cardozo (Palsgraf v Long Is. R. R. Co., 248 NY 339, 342, supra), a plaintiff cannot piggyback into court "as the vicarious beneficiary of a breach of duty to another”. The question refines to what duty the hospital owed plaintiffs.
The complaint alleges that the two infant plaintiffs are Ms. Warner’s children and plaintiff William Knier is her husband. The negligence alleged in paragraph 13 of the complaint is that, "The Defendant, its agents, servants and/or employees negligently failed to follow the proper procedure for a known or suspected contagious disease, and further failed to warn employees of said danger”. Whatever obligations that might be imposed upon a hospital for failure to follow its patient care procedures would flow to the patients, and possibly its staff. Patient care procedures are not designed to protect the staff’s family members or friends.
The main theory of liability pursued by plaintiffs is stated at the outset of the opinion. Plaintiffs contend that a hospital has a duty to warn the general public when one of its staff members has been exposed to a contagious disease. Since it appears from the motion papers that Mr. Knier is not legally married to Mary Ann Warner the class to be protected cannot be limited to family members. It would be inherently unreasonable to attempt to limit the class to persons residing with staff members since that would place the hospital in the position of invading the private lives of its employees. More *416 over, there is no logical reason to limit the class since any member of the general public with whom Mary Ann Warner came in contact could share the same risks of infection as plaintiffs. The court declines to impose a duty upon a hospital to warn the general public that one of its staff members has been exposed to an infectious disease. It would simply be impractical to do so, and would unduly extend responsibilities and liability of institutions furnishing care to the ill. For example, how would defendant meet a duty to warn all Capital District residents that Mary Ann Warner had been exposed to scabies?
The motion of the defendant for an order directing entry of summary judgment dismissing the complaint for lack of merit will be granted, without costs.