■ MARTIN AMARANTE et al., Respondents-Appellants, v JAY ROTHSCHILD, Also Known as J. ROTHCHINO, et al., Appellants-Respondents.—In a negligence action to recover damages for personal injuries, etc., the defendants Jacinta Batista d/b/a Quisqueya Grocery, Redfern Meat & Poultry and Redfern Meats, and Jay Rothschild a/k/a J. Rothchino and Jay Rothschild Special, Inc., separately appeal from so much of an order

of the Supreme Court, Queens County (Di Tucci, J.), dated July 28, 1989, as denied the defendant Batista's motion and the defendant Rothschild's cross motion pursuant to CPLR 3212 for summary judgment dismissing the complaint insofar as it is asserted against each of them. The plaintiffs cross-appeal from so much of the same order as purportedly declined to consider their sur-reply affirmations.

Ordered that the order is reversed, on the law, the motion and cross motion are granted, and the complaint is dismissed; and it is further,

Ordered that the plaintiffs' cross appeal from the order is dismissed as they are not aggrieved thereby (see, Parochial Bus Sys. v Board of Educ., 60 NY2d 539, 544-545); and it is further

Ordered that the defendants, appearing separately and filing separate briefs, are awarded one bill of costs.

The plaintiff Martin Amarante was shot in a small grocery store during an armed robbery as a result of which he suffered serious personal injuries. He thereafter commenced this action against the store's tenant-lessee and its out-of-possession landlord for negligence in the maintenance, management and control of the premises. The injured plaintiff claimed that the defendants owed him, a lawful visitor on the premises, a duty to take protective security measures to minimize his risk of harm from the criminal acts of third parties. The Supreme Court denied the defendants' motions for summary judgment dismissing the complaint.

In assessing the scope of a tortfeasor's duty, not only logic and science, but also considerations of public policy play an important role (see, Bovsun v Sanperi, 61 NY2d 219, 228; De Angelis v Lutheran Med. Center, 58 NY2d 1053, 1055). "While moral and logical judgments are significant components of the analysis, we are also bound to consider the larger social consequences of our decisions and to tailor our notion of duty so that 'the legal consequences of wrongs [are limited] to a controllable degree' " (Waters v New York City Hous. Auth., 69 NY2d 225, 229, quoting Tobin v Grossman, 24 NY2d 609, 619).

We cannot agree that the scope of a shopkeeper's and landlord's liability should be extended to patrons who sustained injury during the course of an armed robbery. Because, under the circumstances, the defendants had no duty to provide additional protective measures to insure the injured plaintiff's safety, summary judgment should have been

granted to the defendants and the complaint dismissed. Thompson, J. P., Kunzeman, Lawrence and O'Brien, JJ., concur.