■ EMILE MARCHAND et al., Appellants, v ANTHONY J. CAPONE et al., Respondents, et al., Defendants. [637 NYS2d 455] —In an action to recover damages for medical malpractice, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Ingrassia, J.), dated September 26, 1994, which denied their motion to dismiss the Statute of Limitations defense asserted by the defendants Anthony J. Capone and St. John's Riverside Hospital.

Ordered that the order is reversed, on the law, with costs, and the plaintiffs' motion is granted.

Where a medical malpractice action accrues during an injured plaintiff's infancy, CPLR 208 permits the applicable Statute of Limitations to be tolled for a maximum of up to 10 years from the accrual of the claim (*see,* CPLR 208; *Matter of Daniel J. v New York City Health & Hosps. Corp.,* 77 NY2d 630). Although a medical malpractice claim ordinarily accrues when the alleged act of malpractice is committed (CPLR 214-a), "a cause of action * * * premised on faulty prenatal care and consequent injuries accrues at live birth" (*LaBello v Albany Med. Ctr. Hosp.,* 85 NY2d 701, 704). Accordingly, this action to recover damages for injuries which the infant plaintiff sustained as a result of the alleged failure to properly monitor his mother's labor did not accrue until his birth on July 16, 1982. Since the action was commenced on July 16, 1992, 10 years after the infant plaintiff's birth, it is not time barred, and the affirmative defenses based upon the Statute of Limitations should be dismissed. Rosenblatt, J. P., Hart, Krausman and Goldstein, JJ., concur.