■ VALERIE A. CICERON et al., Appellants, v JAMAICA HOSPITAL et al., Respondents. [694 NYS2d 459] —In a medical malpractice action, the plaintiffs appeal from (1) an order of the Supreme Court, Queens County (Golar, J.), dated January 30, 1998, which granted the defendants' separate motions for summary judgment dismissing the complaint, and (2) a judgment of the same court, entered March 9, 1998, which dismissed the complaint. The notice of appeal from the order is also deemed to be a notice of appeal from the judgment (see, CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is modified, on the law, by deleting the provision thereof which dismissed the fourth cause of action to recover damages for the extraordinary care and treatment of the infant plaintiff and substituting therefor a provision severing that cause of action; as so modified, the judgment is affirmed, without costs or disbursements, and the order is modified accordingly.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

The expert affidavits submitted by the plaintiffs tended to show that the defendants were negligent in various ways, and

that their negligence resulted in the failure to perform a repeat sonogram which would have revealed the presence of the infant plaintiff's spina bifida in time to allow the plaintiff mother to have an abortion. While we agree with the dismissal of the remaining causes of action, we find that the fourth cause of action, which seeks recovery for the extraordinary costs incurred in raising a child with this disability, is valid (*see, Alquijay v St. Luke's-Roosevelt Hosp. Ctr.,* 63 NY2d 978, 979; *Becker v Schwartz,* 46 NY2d 401, 411-412).

We also agree with the plaintiffs that the fourth cause of action would not have been enforceable until after the live birth of the infant plaintiff, so that it accrued at the time of birth, rather than at the time of the earlier alleged malpractice (*see, LaBello v Albany Med. Ctr. Hosp.,* 85 NY2d 701; *Marchand v Capone,* 223 AD2d 686). The infant plaintiff was born on June 7, 1993, and this action was commenced within 2½ years thereafter, on or about October 30, 1995. The Supreme Court therefore erred in dismissing the fourth cause of action as time-barred.

For these reasons, the judgment appealed from should be modified so as to allow reinstatement of the fourth cause of action. Bracken, J. P., Thompson, Joy and Luciano, JJ., concur.