■ ANDREA SPANO et al., Appellants-Respondents, v BALDO BERTOCCI, Defendant, and ESTHER BALDINGER, Respondent-Appellant. [749 NYS2d 275] —In an action to recover damages for medical malpractice, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Dabiri, J.), dated September 29, 2000, as granted that branch of the motion of the defendant Esther Baldinger pursuant to CPLR 4404 (a), which was, in effect, to set aside so much of the jury verdict as was in favor of the infant plaintiff and against that defendant, and the defendant Esther Baldinger cross-appeals, as limited by her notice of appeal and brief, from so much of the same order as denied that branch of her motion which was, in effect, to set aside so much of the jury verdict as was in favor of the plaintiff Andrea Spano and against her.

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, and that branch of the motion of the defendant Esther Baldinger pursuant to CPLR 4404 (a) was, in effect, to set aside so much of the jury verdict as was in favor of the plaintiff Andrea Spano and against her is granted; and it is further,

Ordered that one bill of costs is awarded to the defendant Esther Baldinger.

The plaintiff Andrea Spano (hereinafter the mother) suffers from epilepsy, and requires medication to control epileptic seizures. From 1990, and at all relevant times through 1995, her treating neurologists, including the defendant Dr. Esther Baldinger, have prescribed Depakote to control her seizures. Although she had previously been informed that she should not become pregnant while taking Depakote because it increased the risks of birth defects, in or about June 1994, the mother told Dr. Baldinger that she was trying to become pregnant. According to the mother, Dr. Baldinger informed her that she could safely become pregnant while taking Depakote, as long as she also took folic acid. In or about December 1994, the mother became pregnant with the infant plaintiff, who was born in August 1995, with, among other medical conditions, spina bifida.

The mother, on behalf of herself and the infant plaintiff, commenced the instant action against, among others, Dr. Baldinger to recover damages for medical malpractice. The mother alleged causes of action on behalf of herself and the infant plaintiff based on lack of informed consent and Dr. Baldinger's alleged departures from good and accepted medical practice. At trial, the plaintiffs asserted, inter alia, that Dr. Baldinger had departed from good and accepted practice in her treatment of the mother by, among other things, failing to remove the mother from Depakote and placing her on an alternative medication, by increasing the mother's dosage of Depakote while she was pregnant, and by relying on folic acid as protection against the risks posed by Depakote. They also asserted causes of action based on lack of informed consent due to Dr. Baldinger's alleged failure to warn the mother of the risks of birth defects inherent in taking Depakote.

After trial, the jury found in Dr. Baldinger's favor on the foregoing issues concerning her alleged departure from good and accepted practices, but found in favor of the plaintiffs on the cause of action based on lack of informed consent. The jury awarded damages to the mother for the extraordinary costs of raising the infant plaintiff to age 21, and to the infant plaintiff for past and future pain and suffering, future loss of earnings, and the extraordinary expenses the infant would incur from age 21 through the rest of his life.

Subsequently, Dr. Baldinger moved and the plaintiffs cross-moved to set aside the verdict insofar as it was unfavorable to them. By order dated September 29, 2000, the trial court, inter alia, granted that branch of Dr. Baldinger's motion which was, in effect, to set aside so much of the verdict as was in favor of

the infant plaintiff and against her, but denied that branch of her motion which was, in effect, to set aside so much of the verdict as was in favor of the mother and against her. The plaintiffs appeal and Dr. Baldinger cross-appeals from stated portions of the order.

Generally, a surviving child has a right to recover for tortiously inflicted prenatal injuries, including those caused by a physician's failure to obtain the informed consent of the mother (*see Hughson v St. Francis Hosp. of Port Jervis,* 92 AD2d 131; *Kelly v Gregory,* 282 App Div 542). However, it is well settled that no cause of action may be maintained on behalf of an infant plaintiff for "wrongful life," i.e., that he or she would never have been born but for the negligence of the defendant (*see Alquijay v St. Luke's-Roosevelt Hosp. Ctr.,* 63 NY2d 978, 979; *Becker v Schwartz,* 46 NY2d 401; *Keselman v Kingsboro Med. Group,* 156 AD2d 334). However, a parent may maintain a cause of action on his or her own behalf for "the extraordinary costs incurred" in raising a child with a disability (*Ciceron v Jamaica Hosp.,* 264 AD2d 497, 498; *see Alquijay v St. Luke's-Roosevelt Hosp. Ctr., supra; Becker v Schwartz, supra* at 411-412).

Contrary to the plaintiffs' contention, the trial court properly granted that branch of Dr. Baldinger's motion pursuant to CPLR 4404 (a) which was, in effect, to set aside so much of the jury verdict as was in favor of the infant plaintiff and against her. Under the facts of this case, the cause of action based on lack of informed consent asserted on behalf of the infant plaintiff was, in fact, a "wrongful life" claim for which he may not recover (*see Alquijay v St. Luke's-Roosevelt Hosp. Ctr., supra* at 979; *Becker v Schwartz, supra; Keselman v Kingsboro Med. Group, supra*).

We agree with Dr. Baldinger, however, that the trial court erred in denying that branch of her motion pursuant to CPLR 4404 (a) which was, in effect, to set aside the jury verdict in favor of the mother and against her on the mother's cause of action based on lack of informed consent, because the verdict is not supported by legally sufficient evidence (*see Cohen v Hallmark Cards,* 45 NY2d 493, 499). "To establish a cause of action [to recover damages] for malpractice based on lack of informed consent, plaintiff must prove (1) that the person providing the professional treatment failed to disclose alternatives thereto and failed to inform the patient of reasonably foreseeable risks associated with the treatment, and the alternatives, that a reasonable medical practitioner would have disclosed in the same circumstances, (2) that a reasonably

prudent patient in the same position would not have undergone the treatment if he or she had been fully informed, and (3) that the lack of informed consent is a proximate cause of the injury" (*Foote v Rajadhyax,* 268 AD2d 745 [citations omitted]; *see* Public Health Law § 2805-d; *King v Jordan,* 265 AD2d 619, 620).

In the instant case, the plaintiffs did not establish that Dr. Baldinger's failure to inform the mother of the risks of taking Depakote while pregnant was a proximate cause of her injury. At trial, the mother testified that of the two neurologists who treated her immediately before Dr. Baldinger treated her, one had informed her that she should not become pregnant while taking Depakote, and the other told her that it would not be safe to do so because it posed a risk of birth defects. Since the mother already knew that there was a danger of birth defects if she became pregnant while taking Depakote, "there is simply no valid line of reasoning and permissible inferences which could possibly lead rational" fact-finders to conclude that Dr. Baldinger's failure to inform her of the dangers of becoming pregnant while taking Depakote was a proximate cause of the injury (*Cohen v Hallmark Cards, supra* at 499).

The mother may not rely on her claim that Dr. Baldinger allegedly told her that it was safe to become pregnant while taking Depakote as long as she took folic acid, thereby "negating" her prior knowledge of the dangers posed by Depakote. The trial court expressly ruled that the plaintiffs could not present this claim as part of their causes of action based on lack of informed consent because it had not been sufficiently pleaded. In any event, this claim, presented as part of the plaintiffs' other malpractice causes of action, was rejected by the jury.

Finally, we note that on the instant appeal, the plaintiffs contend that certain alleged errors by the trial court warrant a new trial. Since no final judgment has been entered in this action, these issues are not brought up for review on the plaintiffs' appeal from the order deciding the posttrial motion and cross motion (*cf.* CPLR 5501 [a] [1]). O'Brien, J.P., Friedmann, Schmidt and Townes, JJ., concur.