■ AYRITHA SAMPLE, Appellant, v MARIA E. LEVADA et al., Respondents, et al., Defendants. [779 NYS2d 96]—

In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiff appeals, as limited by her brief, from so much of (1) an order of the Supreme Court, Nassau County (O'Connell, J.), dated January 31, 2003, as granted those branches of the separate motions of the defendants Maria E. Levada, Jahanshah Seraji, Kareem E. Tannous, and K.M.L.T. Gynecological Associates, P.C., the defendant Mercy Medical Center, the defendant Linda Jaworowski, and the defendants

Madonna Physicians Services, P.C., Madonna Perinatal Services, Ellen Landsberger, and Daniel Faustin, which were pursuant to CPLR 3211 (a) (7) to dismiss the plaintiff's third cause of action insofar as asserted against them, and (2) an order of the same court dated July 2, 2003, as denied those branches of her motion which were for leave to serve an amended complaint, and for leave to renew and reargue those branches of the motions which were to dismiss the third cause of action.

Ordered that the order dated January 31, 2003, is affirmed insofar as appealed from; and it is further,

Ordered that the appeal from so much of the order dated July 2, 2003, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated July 2, 2003, is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was for leave to serve an amended complaint and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as reviewed, and the proposed amended complaint is deemed served; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff commenced the instant medical malpractice action, alleging, inter alia, that her daughter was born with severe birth defects and disabilities as a result of the defendants' failure to diagnose and treat her own preexisting medical conditions. Several of the defendants (hereinafter the respondents) moved, inter alia, to dismiss the third cause of action insofar as asserted against them, which sought recovery for pecuniary loss attributable to the extraordinary expenses the plaintiff anticipated she would incur in caring for her daughter. The Supreme Court agreed, ruling that the theories of recovery the plaintiff propounded in support of her claim for pecuniary loss were not cognizable under New York law. The Supreme Court, inter alia, also denied those branches of the plaintiff's later motion which were for leave to renew and reargue those branches of the motions which were to dismiss her third cause of action or, in the alternative, for leave to serve an amended complaint. The Supreme Court should have granted the plaintiff leave to amend her complaint.

"Generally, a surviving child has a right to recover for tortiously inflicted prenatal injuries, including those caused by a physician's failure to obtain the informed consent of the mother" (*Spano v Bertocci*, 299 AD2d 335, 337 [2002]). But "[t]he right of action to recover for medical . . . malpractice

based on a lack of informed consent is limited to those cases involving either (a) non-emergency treatment, procedure or surgery, or (b) a diagnostic procedure which involved invasion or disruption of the integrity of the body" (Public Health Law § 2805-d [2]).

As the plaintiff made no allegation that the respondents, in purportedly failing to inform her of the risks of childbirth, either invaded her bodily integrity, or that of her fetus, the Supreme Court properly dismissed the plaintiff's third cause of action to the extent it sought recovery on the basis of lack of informed consent (see Keselman v Kingsboro Med. Group, 156 AD2d 334 [1989]; Karlsons v Guerinot, 57 AD2d 73, 82 [1977]).

Moreover, "it is well settled that no cause of action may be maintained on behalf of an infant plaintiff for 'wrongful life,' i.e., that he or she would never have been born but for the negligence of the defendant" (Spano v Bertocci, supra at 337; see Sheppard-Mobley v King, 8 AD3d 358 [2004]; Alquijay v St. Luke's-Roosevelt Hosp. Ctr., 63 NY2d 978, 979 [1984]; Becker v Schwartz, 46 NY2d 401, 410 [1978]; Ciceron v Jamaica Hosp., 264 AD2d 497, 498 [1999]). Thus, to the extent the third cause of action insofar as asserted against the respondents sought recovery of pecuniary loss on the basis of "wrongful life," the Supreme Court properly dismissed it on that ground as well.

The Supreme Court also providently denied that branch of the plaintiff's motion which was for leave to renew those branches the respondents' respective motions which were to dismiss the third cause of action because she did not offer "a reasonable excuse as to why the additional facts [included with the motion to renew] were not submitted on the original application" (Matter of Shapiro v State of New York, 259 AD2d 753 [1999]), or demonstrate why the new facts, in the form of a physician's affirmation of merit, warranted a "different outcome on the underlying motion" (Amodeo v State of New York, 257 AD2d 748, 749 [1999]; see Suffolk & Nassau Amusement Co. v Wurlitzer Co., 24 AD2d 893 [1965]).

The Supreme Court erred, however, in denying the branch of the plaintiff's motion which was for leave to serve an amended complaint. Leave to amend a pleading should be freely granted absent a showing of surprise or prejudice to the party opposing the motion, which has not been demonstrated here (see Hauptman v New York City Health & Hosps. Corp., 162 AD2d 588, 589 [1990]; Sentry Ins. Co. v Kero-Sun, Inc., 122 AD2d 204, 204-205 [1986]). The legal sufficiency or merits of a proposed amendment to a pleading will not be examined unless the insuf-

ficiency or lack of merit is clear and free from doubt (*see Zacma Cleaners Corp. v Gimbel*, 149 AD2d 585, 586 [1989]; *Sentry Ins. Co. v Kero-Sun, Inc., supra* at 205; *Goldstein v Brogan Cadillac Oldsmobile Corp.*, 90 AD2d 512, 514 [1982]). Moreover, leave should be freely granted where, as here, a plaintiff seeks to amend a complaint merely to add a new theory of recovery, without alleging new or different transactions (*see Bobrowsky v Lexus*, 215 AD2d 424 [1995]; *Stephan v Shulman*, 130 AD2d 484, 485 [1987]; *Goldstein v Brogan Cadillac Oldsmobile Corp., supra* at 514).

Contrary to the determination of the Supreme Court, the plaintiff's proposed amended complaint did indeed seek to change her theory of recovery for pecuniary loss from lack of informed consent and wrongful life to medical malpractice. The plaintiff has a cause of action to recover pecuniary loss for extraordinary expenses for her daughter's care, arising from the injuries and disabilities her daughter is alleged to have sustained as a proximate result of the respondents' alleged failure to diagnose and treat both mother and daughter, as well as any negligence in prenatal care and delivery (*see Alquijay v St. Luke's-Roosevelt Hosp. Ctr., supra* at 979; *Becker v Schwartz, supra* at 411-412; *Spano v Bertocci, supra* at 337; *Ciceron v Jamaica Hosp., supra* at 498). Because the proposed amended complaint seeks to assert such a claim, the amendment is not clearly lacking in merit, and leave to serve an amended complaint should have been granted.

The respondents did not oppose the plaintiff's motion for leave to serve and file an amended complaint. Thus, the arguments they now make to this Court are newly raised on appeal and are not properly before this Court (*see Sandoval v Juodzevich*, 293 AD2d 595, 595-596 [2002]; *Mourounas v Shahin*, 291 AD2d 537 [2002]; *Weber v Jacobs*, 289 AD2d 226 [2001]), and, in any event, are without merit (*see Alquijay v St. Luke's-Roosevelt Hosp. Ctr., supra*; *Becker v Schwartz, supra*; *Spano v Bertocci, supra*; *DeAngelis v Lutheran Med. Ctr.*, 84 AD2d 17, 26 [1981], *affd* 58 NY2d 1053 [1983]). Florio, J.P., Townes, Cozier and Mastro, JJ., concur.