■ JNAYA LYONS et al., Respondents, v VASSAR BROTHERS HOSPITAL et al., Appellants, et al., Defendant. [818 NYS2d 124]—

In an action, inter alia, to recover damages for medical malpractice, the defendants Vassar Brothers Hospital, Vassar Brothers Medical Center, and Bente Yael Hoegsberg, the defendants George Habib, Peter Ukpeh, and Lewis Sellinger, and the defendant Daniel Perkes, separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Dutchess County (Brands, J.), dated November 8, 2004, as denied their respective motions for summary judgment dismissing the ninth cause of action based on lack of informed consent insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs.

The Supreme Court properly denied the separate motions of the defendants Vassar Brothers Hospital, Vassar Brothers Medical Center, and Bente Yael Hoegsberg, the defendants George Habib, Peter Ukpeh, and Lewis Sellinger, and the defendant Daniel Perkes (hereinafter collectively the appellants) for summary judgment dismissing the ninth cause of action to recover damages based on lack of informed consent insofar as asserted against them. "Generally, a surviving child has a right to recover for tortiously inflicted prenatal injuries, including those caused by a physician's failure to obtain the informed consent of the mother" (*Spano v Bertocci*, 299 AD2d 335, 339 [2002]; *see Sample v Levada*, 8 AD3d 465 [2004]; *Hughson v St. Francis Hosp. of Port Jervis*, 92 AD2d 131 [1983]). Contrary to the appellants' contention, the evidence submitted by the plaintiffs in opposition to the motions was sufficient to raise a triable issue of fact as to whether the injuries sustained by the infant plaintiff arose out of an affirmative violation of the plaintiff mother's physical integrity (*see Hughson v St. Francis Hosp. of Port Jervis, supra*). In this regard we note that the plaintiffs' lack of informed consent claim is predicated upon medical procedures performed and medications administered during labor and delivery, and does not merely allege a delay in treatment or the failure to explain alternative treatments (*cf. Sample v Levada, supra*; *Saguid v Kingston Hosp.*, 213 AD2d 770 [1995]; *Keselman v Kingsboro Med. Group*, 156 AD2d 334 [1989]). Schmidt, J.P., Krausman, Spolzino and Fisher, JJ., concur.