■ COLETTE CRONIN, Also Known as COLETTE SERVIDIO, Appellant, v JAMAICA HOSPITAL MEDICAL CENTER, Respondent. [875 NYS2d 222]—

In an action to recover damages for medical malpractice and negligence, the plaintiff appeals from an order of the Supreme Court, Queens County (Kitzes, J.), entered May 21, 2007, which granted the defendant's motion for summary judgment dismissing the complaint and denied, as academic, her cross motion to strike the defendant's answer.

Ordered that the order is affirmed, with costs.

On May 24, 2004 the plaintiff's decedent Peter F. Cronin (hereinafter the decedent), who was 72 years old, was admitted to the defendant Jamaica Hospital Medical Center suffering from various illnesses. During his hospitalization, the decedent was resuscitated on two occasions, allegedly in violation of two do-not-resuscitate orders which had been issued by the hospital and executed by members of the decedent's family. On June 9,

2004, following the second resuscitation, the decedent was removed from life support systems and he died that same day.

Subsequently, the plaintiff commenced this action alleging, in effect, that the defendant wrongfully prolonged the decedent's life by resuscitating him against the express instructions of the decedent and his family. The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff was asserting a claim for "wrongful living" and that no such cause of action could be maintained. The court also denied, as academic, the plaintiff's cross motion to strike the defendant's answer. We affirm.

The defendant established its prima facie entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]), by demonstrating that the decedent did not sustain any legally cognizable injury as a result of the defendant's conduct. In opposition, the plaintiff failed to raise a triable issue of fact. As the Supreme Court properly determined, the status of being alive does not constitute an injury in New York (*see Alquijay v St. Luke's-Roosevelt Hosp. Ctr.*, 63 NY2d 978, 979 [1984]; *Becker v Schwartz*, 46 NY2d 401, 412 [1978]).

Moreover, contrary to the plaintiff's contention, she did not submit evidence raising a triable issue of fact as to whether the decedent was injured as a result of the resuscitations themselves. The plaintiff's medical expert failed to address this issue in his affidavit, and the hearsay statements of the decedent to the plaintiff as recounted in the plaintiff's typewritten notes were, by themselves, insufficient to raise a triable issue of fact (*see Stock v Otis El. Co.*, 52 AD3d 816, 816-817 [2008]; *Arnold v New York City Hous. Auth.*, 296 AD2d 355, 356 [2002]). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.

In light of our determination that the defendant's motion for summary judgment dismissing the complaint was properly granted, the Supreme Court properly denied, as academic, the plaintiff's cross motion to strike the defendant's answer. Fisher, J.P., Angiolillo, Dickerson and Belen, JJ., concur.