STACY C. KLEIN et al., Appellants, v MARTIN G. BIALER et al., Respondents. [899 NYS2d 297]—

In an action to recover damages for medical malpractice, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Spinner, J.), dated January 15, 2009, which granted the

motion of the defendants Jean Johnson, Lorraine Catalano, Scott Svitek, Gay Ezer, and Commack Pediatric Associates, and the separate motion of the defendants Martin G. Bialer and North Shore University Hospital, for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs to the defendants appearing separately and filing separate briefs.

In January 2004, after the plaintiffs's daughter was born with a blockage and a "number of different dysmorphic features," the infant was referred to the defendant Dr. Martin Bialer, a pediatrician and geneticist, for a genetic consultation to assist in her treatment. He examined the infant twice within her first two weeks of life and tested her at Schneider Children's Hospital, a component of the defendant North Shore University Hospital (hereinafter the hospital) for certain genetic conditions which may have caused the blockage, but those tests came back negative. Despite Dr. Bialer's recommendation that the plaintiffs should follow-up with him in three months, he never again saw the infant or the plaintiffs.

Subsequently, the infant came under the care of the defendants Dr. Jean Johnston, Dr. Lorraine Catalano, Dr. Scott Svitek, and Dr. Gay Ezer, pediatricians at the defendant Commack Pediatric Associates (hereinafter collectively the Commack defendants). In April 2004 the infant was seen by Dr. Robert Ward, a pediatric otolaryngologist, who sent a letter to the Commack defendants stating that the infant would benefit from a referral to an endocrinologist because she might have indicia of symptoms of a rare genetic disease known as Treacher-Collins Syndrome. Although Dr. Johnston did not show the contents of the Ward letter to the plaintiffs, she nonetheless advised them to follow-up with Dr. Bialer, but they never did.

In May 2005 the plaintiffs' second child was born and diagnosed with Treacher-Collins Syndrome. Thereafter, the first infant and her father were tested and diagnosed with the same condition. The plaintiffs then commenced the instant action to recover damages for medical malpractice, including, inter alia, the pecuniary expenses for the future care and treatment of their second child. The Supreme Court granted the motion of the Commack defendants and the separate motion of Bialer and the hospital for summary judgment dismissing the complaint insofar as asserted against them. We affirm.

"[A] cause of action may not be maintained on behalf of an infant plaintiff based on a claim of 'wrongful life' or the assertion that but for the negligence of the healthcare provider, the parent would have aborted the fetus rather than giving birth to

a child with abnormalities" (*Sheppard-Mobley v King*, 4 NY3d 627, 638 [2005]; *see Alquijay v St. Luke's-Roosevelt Hosp. Ctr.*, 63 NY2d 978, 979 [1984]; *Becker v Schwartz*, 46 NY2d 401, 412 [1978]; *Spano v Bertocci*, 299 AD2d 335, 337 [2002]). Parents, however, may maintain a cause of action on their own behalf, provided there is a breach of a duty flowing from the defendants to themselves, as prospective parents, for "the extraordinary costs incurred" in raising a child with a disability (*Spano v Bertocci*, 299 AD2d at 337; *see Becker v Schwartz*, 46 NY2d at 413; *Ciceron v Jamaica Hosp.*, 264 AD2d 497, 498 [1999]).

"Not all mistakes, however, result in liability" for medical malpractice (*McNulty v City of New York*, 100 NY2d 227, 232 [2003]). The threshold issue of whether a physician owes a duty of care to the parents of his or her patient is a question of law for a court to determine (*id.*; *see Eiseman v State of New York*, 70 NY2d 175, 187 [1987]; *Dallas-Stephenson v Waisman*, 39 AD3d 303, 307 [2007]; *see also Shaw v QC-Medi N.Y., Inc.*, 10 AD3d 120, 123 [2004] ["The issue of what duty is owed to third parties in a medical malpractice setting is a troubling one"]). "Generally, a doctor only owes a duty of care to his or her patient," but "a doctor's duty can, in limited circumstances, encompass nonpatients who have a special relationship with either the physician or the patient" (*McNulty v City of New York*, 100 NY2d at 232; *see Tenuto v Lederle Labs., Div. of Am. Cyanamid Co.*, 90 NY2d 606, 613 [1997]).

Applying these principles to the matter at bar, the Commack defendants, Bialer, and the hospital demonstrated their entitlement to judgment as a matter of law dismissing the complaint (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]), given that there was no special relationship to warrant extending to the nonpatient plaintiffs the duty owed by the defendants to the infant patient (*see Becker v Schwartz*, 46 NY2d at 401; *Weed v Meyers*, 251 AD2d 1062 [1998]; *Markley v Albany Med. Ctr. Hosp.*, 163 AD2d 639, 640-641 [1990]; *cf. Tenuto v Lederle Labs*, 90 NY2d at 614). To this end, there was no indication that the plaintiffs either relied on the defendants' advice to follow-up with the geneticist after the infant's discharge from the hospital or sought a genetic consultation for themselves to determine the risks involved in future pregnancies (*see Panlilio v Mueller*, 300 AD2d 76 [2002]). Moreover, the complained-of harm of alleged failure to warn the plaintiffs not to have another child did not arise from the defendants' treatment of the infant, and there is no proof that either of the defendants knew or should have known that the plaintiffs would become pregnant again (*see Arias v Flushing Hosp. Med. Ctr.*, 300 AD2d 610, 610 [2002]

["The single examination by the respondent did not create a further duty on his part . . . nor did it render him responsible for the plaintiff mother's care subsequent to his consultation"]).

In opposition, the plaintiffs failed to establish a triable issue of fact as to the duty owed by the defendants (*see Cronin v Jamaica Hosp. Med. Ctr.*, 60 AD3d 803, 804 [2009]; *Arias v Flushing Hosp. Med. Ctr.*, 300 AD2d at 610-611; *Markley v Albany Med. Ctr. Hosp.*, 163 AD2d at 640-641). "In the absence of duty, there is no breach and therefore no liability" (*DeAngelis v Lutheran Med. Ctr.*, 84 AD2d 17, 22 [1981], *affd* 58 NY2d 1053 [1983]). Accordingly, the Supreme Court properly granted the motions for summary judgment dismissing the complaint insofar as asserted against the defendants. Dillon, J.P., Balkin, Dickerson and Lott, JJ., concur.