■ PATRICIA PAONE et al., Appellants, v FRANK J. LATTARULO, D.P.M., et al., Respondents, et al., Defendants. [997 NYS2d 694]—

In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Rockland County (Jamieson, J.), dated September 11, 2012, which granted the motion of the defendants Ralph Purcell and Advanced Orthopedic Surgery, P.C., and the separate motion of the defendants Frank J. Lattarulo and Family Podiatry Associates, P.C., for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is affirmed, with one bill of costs.

The plaintiff Patricia Paone, and her husband suing derivatively, commenced this action to recover damages for medical malpractice, etc., against, among other defendants, Frank J. Lattarulo, a podiatrist who treated Patricia, Lattarulo's professional corporation, Family Podiatry Associates, P.C. (hereinafter FPA), Ralph Purcell, an orthopedist who treated Patricia, and Purcell's professional corporation, Advanced Orthopedic Surgery, P.C. (hereinafter AOS). Purcell and AOS moved, and Lattarulo and FPA separately moved, for summary judgment dismissing the complaint insofar as asserted against each of them, and the Supreme Court granted both motions. The plaintiffs appeal, and we affirm.

The requisite elements of proof in a medical malpractice and podiatric malpractice action are a deviation or departure from accepted community standards of practice, and evidence that such deviation or departure was a proximate cause of injury or damage (*see Kelley v Kingsbrook Jewish Med. Ctr.*, 100 AD3d 600 [2012]; *Shichman v Yasmer*, 74 AD3d 1316 [2010]; *Muniz v*

*Mount Sinai Hosp. of Queens*, 91 AD3d 612, 616 [2012]; *Castro v New York City Health & Hosps. Corp.*, 74 AD3d 1005, 1006 [2010]). Here, Purcell and AOS, and Lattarulo and FPA, each made a prima facie showing that there was no departure from accepted practice, and that, in any event, their respective actions or inactions did not proximately cause Patricia's injuries (*see Bey v Neuman*, 100 AD3d 581, 582 [2012]). In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the motion of Purcell and AOS, and the separate motion of Lattarulo and FPA, for summary judgment dismissing the complaint insofar as asserted against each of them. Balkin, J.P., Hall, Austin and Barros, JJ., concur.