JESSICA PARRILLA, an Infant, by Her Mother and Natural Guardian, MICHELE PARRILLA, et al., Appellants, v GARY SAPHIRE, D.P.M., et al., Respondents, et al., Defendant. [51 NYS3d 596]—

In an action, inter alia, to recover damages for podiatric malpractice and lack of informed consent, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Weston, J.), dated May 21, 2014, which granted the motion of the defendants Gary Saphire and Parkway Podiatry Group for summary judgment dismissing the complaint insofar as asserted against them, and (2) a judgment of the same court dated July 23, 2014, which, upon the order, is in favor of the defendants Gary Saphire and Parkway Podiatry Group and against them, dismissing the complaint insofar as asserted against those defendants.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, with costs, the motion of the defendants Gary Saphire and Parkway Podiatry Group for summary judgment dismissing the complaint insofar as asserted against them is denied, the complaint is reinstated against those defendants, and the order dated May 21, 2014, is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiffs commenced this action to recover damages for personal injuries based on the alleged podiatric malpractice of the defendant Gary Saphire. On February 12, 2009, Saphire

performed a surgical procedure upon the right foot of the plaintiff Jessica Parrilla (hereinafter the infant plaintiff) to relieve her of symptoms which he had diagnosed as evidencing a rupture of the extensor hallucis longus tendon. On the day of the surgery, the infant plaintiff's mother, the plaintiff Michele Parrilla, signed a consent form. The infant plaintiff claims that as a result of the surgery, she has constant pain and has limited movement of her right big toe.

In August 2010, the plaintiffs commenced this action against Saphire and Parkway Podiatry Group (hereinafter together the defendants) and another party. In the first cause of action, as amplified by their bill of particulars, the plaintiffs sought recovery based upon allegations, inter alia, that the surgery undertaken by Saphire was unnecessary, and in performing the operation, Saphire aggravated the infant plaintiff's condition. Further, the plaintiffs alleged that Saphire failed to perform pre-operative testing to determine whether the infant plaintiff had the circulation required to heal properly. The plaintiffs' second cause of action was predicated upon the theory of lack of informed consent, and in a third cause of action, the plaintiffs sought damages for Michele Parrilla's loss of services. Thereafter, the defendants moved for summary judgment dismissing the complaint insofar as asserted against them, and the Supreme Court granted the motion.

"The requisite elements of proof in a . . . podiatric malpractice action are a deviation or departure from accepted community standards of practice, and evidence that such deviation or departure was a proximate cause of injury or damage" (*Paone v Lattarulo*, 123 AD3d 683, 683 [2014]). A podiatrist moving for summary judgment dismissing a complaint alleging podiatric malpractice must establish, prima facie, either that "there was no departure from accepted practice, or that any departure was not a proximate cause of the plaintiff's injuries" (*Capobianco v Marchese*, 125 AD3d 914, 915 [2015]). Furthermore, a moving party must address the specific factual allegations set forth in the complaint and the bill of particulars (*see Terranova v Finklea*, 45 AD3d 572 [2007]).

Here, the Supreme Court erred in granting that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging podiatric malpractice insofar as asserted against them. The affidavit of their expert did not address the specific claim in the plaintiffs' verified bill of particulars that Saphire failed to perform pre-operative testing "to determine whether [the infant plaintiff] had the circulation required to heal properly from the . . . surgery." Accord-

ingly, since the defendants failed to establish their prima facie entitlement to judgment as a matter of law, that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging podiatric malpractice insofar as asserted against them should have been denied, without considering the sufficiency of the opposing papers (*see Mancuso v Friscia*, 108 AD3d 748, 750 [2013]; *Drago v King*, 283 AD2d 603, 604 [2001]). Since the defendants were not entitled to summary judgment dismissing the cause of action to recover damages for malpractice, summary judgment dismissing the derivative cause of action must also be denied.

The Supreme Court also erred in granting that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging lack of informed consent insofar as asserted against them. To succeed on a cause of action to recover damages for podiatric malpractice based on lack of informed consent, a plaintiff must demonstrate (1) the failure of the podiatric practitioner providing the professional treatment or diagnosis to disclose to the patient the alternatives thereto and the reasonably foreseeable risks and benefits involved that a reasonable podiatric practitioner under similar circumstances would have disclosed, in a manner permitting the patient to make a knowledgeable evaluation, and (2) that a reasonably prudent person in the patient's position would not have undergone the treatment or diagnosis if he or she had been fully informed, and (3) that the lack of informed consent is a proximate cause of the injury or condition for which recovery is sought (*see* Public Health Law § 2805-d; *see also Guctas v Pessolano*, 132 AD3d 632, 634 [2015]; *Spano v Bertocci*, 299 AD2d 335, 337-338 [2002]). Here, the plaintiffs' deposition testimony indicates that they were not fully advised of the risks, benefits, and alternatives to the surgical procedure. Further, the generic consent form signed by the infant plaintiff's mother did not establish the defendants' prima facie entitlement to judgment as a matter of law since it did not disclose the risks specific to the surgical procedure performed, and the defendants' expert failed to aver that the consent form complied with the prevailing standard for such disclosures applicable to reasonable podiatrists performing the same kind of surgery (*see Walker v Saint Vincent Catholic Med. Ctrs.*, 114 AD3d 669, 670-671 [2014]). Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law, we need not consider the sufficiency of the plaintiffs' opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Accordingly, that branch of the motion which was for summary judgment dismissing the cause of action

based on lack of informed consent insofar as asserted against the defendants should have been denied.

In light of our determination, the plaintiffs' remaining contentions have been rendered academic. Leventhal, J.P., Cohen, Hinds-Radix and Connolly, JJ., concur.