■ MARIJOHNNE UPSHUR, an Infant, by Her Mother and Natural Guardian, AVRA UPSHUR, et al., Appellants, v STATEN ISLAND MEDICAL GROUP, Respondent, and JING ZHANG, Defendant/Third-Party Plaintiff-Respondent. EDUARDO BERNALES, Third-Party Defendant-Respondent, et al., Third-Party Defendant. [930 NYS2d 649]—

On a motion for summary judgment dismissing the complaint in a medical malpractice action, a defendant must make a prima

facie showing that there was no departure from good and accepted medical practice, or that the plaintiff was not injured by any such departure (*see Salvia v St. Catherine of Sienna Med. Ctr.*, 84 AD3d 1053 [2011]; *Ahmed v New York City Health & Hosps. Corp.*, 84 AD3d 709, 710 [2011]; *Stukas v Streiter*, 83 AD3d 18, 24-26 [2011]). Once a defendant physician has made such a showing, the burden shifts to the plaintiff to "submit evidentiary facts or materials to rebut the prima facie showing by the defendant . . . so as to demonstrate the existence of a triable issue of fact" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *see Stukas v Streiter*, 83 AD3d at 24). General allegations that are conclusory and unsupported by competent evidence tending to establish the essential elements of medical malpractice are insufficient to defeat a defendant's motion for summary judgment (*see Salvia v St. Catherine of Sienna Med. Ctr.*, 84 AD3d at 1054; *Ahmed v New York City Health & Hosps. Corp.*, 84 AD3d at 711).

Dr. Jing Zhang, the plaintiff mother's treating physician, made a prima facie showing of her entitlement to judgment as a matter of law against the plaintiff mother through, inter alia, her deposition testimony and the affirmation of an expert physician. These submissions demonstrated that Dr. Zhang took appropriate steps to manage and control the mother's diabetes on the two occasions she treated the mother prior to the conception of the infant plaintiff, and that she did not depart from accepted medical practice in her treatment of the mother. Dr. Zhang's submissions also established, prima facie, that the mother's diabetes was not under proper control at the time the infant plaintiff was conceived because the mother failed to take prescribed medications and follow medical advice, and that any alleged departure in treating the mother was not a proximate cause of the infant plaintiff's injuries. The defendant Staten Island Medical Group (hereinafter SIMG), which is alleged to be vicariously liable for Dr. Zhang's malpractice, also established its prima facie entitlement to judgment as a matter of law against the mother through its identical evidentiary submissions (*see Simmons v Brooklyn Hosp. Ctr.*, 74 AD3d 1174, 1178-1179 [2010]; *Flanagan v Catskill Regional Med. Ctr.*, 65 AD3d 563, 566 [2009]). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether any alleged departure in Dr. Zhang's treatment of the plaintiff mother was a proximate cause of the infant plaintiff's injuries. Accordingly, the Supreme Court properly granted that branch of Dr. Zhang's motion which was for summary judgment dismissing the complaint insofar as asserted against her and SIMG's cross motion for summary judgment dismissing the complaint insofar as asserted against it.

We further note that the cause of action asserted on behalf of the infant plaintiff may not be maintained against Dr. Zhang and the Staten Island Medical Group for the independent reason that New York does not recognize a cause of action for preconception torts (*see Enright v Eli Lilly & Co.*, 77 NY2d 377 [1991], *cert denied* 502 US 868 [1991]; *Albala v City of New York*, 54 NY2d 269 [1981]; *Barakov v Beth Israel Med. Ctr.*, 44 AD3d 981, 982 [2007]; *Weed v Meyers*, 251 AD2d 1062 [1998]). Mastro, J.P., Florio, Eng and Sgroi, JJ., concur. **[Prior Case History: 2010 NY Slip Op 31547(U).]**