In an action, inter alia, to set aside a deed dated July 30, 2007, and a subsequent deed and mortgage, the plaintiff, Mary Harris, and the nonparty Norman Dodd, appeal from an order of the Supreme Court, Kings County (Schmidt, J.), dated September 15, 2011, which granted the separate motions of the defendants Gilbert Pitts, Mortgage Electronic Registration Systems, Inc., and American Dream Mortgage Bankers, Inc., for summary judgment dismissing the amended complaint and to vacate the notice of pendency.
Ordered that the appeal by Norman Dodd is dismissed, as he is not aggrieved by the order appealed from (see CPLR 5511); and it is further,
Ordered that the order is affirmed on the appeal by the plaintiff Mary Harris; and it is further,
Ordered that one bill of costs is awarded to the respondents.
“A person is aggrieved within the meaning of CPLR 5511 ‘when he or she asks for relief but that relief is denied in whole or in part, ’ or, when someone ‘asks for relief against him or her, which the person opposes, and the relief is granted in whole or in part’ ” (Matter of Michael O.F. [Fausat O.], 101 AD3d 1121, 1122 [2012], quoting Mixon v TBV, Inc., IQ AD3d 144, 156-157 [2010]; see CPLR 5511). The order appealed from granted relief to the defendants against the plaintiff, Mary Harris. Since the nonparty appellant is not aggrieved by the order appealed from, his appeal must be dismissed (see CPLR 5511; Mixon v TBV, Inc., IQ AD3d at 156-157).
The plaintiff, Mary Harris, is the biological daughter and heir of the late Joseph Barnett (hereinafter Joseph). In a deed dated July 30, 2007, Joseph transferred the subject premises to his stepdaughter Rosemarie Robinson. Robinson thereafter sold the premises to the defendant Gilbert Pitts. Pitts financed his purchase by borrowing funds from the defendant American Dream Mortgage Bankers, Inc. (hereinafter ADMB), secured by a mortgage on the premises that was given to the defendant Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee.
*791 This action was commenced to set aside the July 30, 2007, deed to Robinson and the subsequent conveyances on the ground that Joseph’s transfer of the premises to Robinson was the result of undue influence. Pitts, ADMB, and MERS (hereinafter collectively the moving defendants) separately moved for summary judgment dismissing the amended complaint and vacating the notice of pendency, in which the defendant Yvonne Barnett joined. The Supreme Court granted the motions.
The moving defendants established their prima facie entitlement to judgment as a matter of law by submitting deposition testimony and affidavits of three witnesses to Joseph’s execution of the deed dated July 30, 2007, establishing that the transaction was free from undue influence, as well as documentary evidence supporting Joseph’s intent to transfer the premises to Robinson (see Hearst v Hearst, 50 AD3d 959 [2008]; Feiden v Feiden, 151 AD2d 889 [1989]). In opposition, Harris failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Harris’s submissions consisted solely of mere suspicion, speculation, and conjecture, which are insufficient to defeat a motion for summary judgment (see Fredette v Town of Southampton, 95 AD3d 939 [2012]; Stock v Otis El. Co., 52 AD3d 816 [2008]; cf. Coury v Arcuri, 262 AB2d 268 [1999]).
The moving defendants’ remaining contentions need not be addressed in light of our determination. Dillon, J.E, Chambers, Austin and Hinds-Radix, JJ., concur.