■ RICHARD CRAWFORD, Individually and as Preliminary Executor of JOAN T. SMITH, Deceased, Appellant, v KENNETH SMITH, Respondent. [14 NYS3d 474]—In an action, inter alia, to recover damages for conversion and for a judgment declaring that a certain deed is invalid, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Garguilo, J.), entered August 26, 2013, which, upon an order of the same court dated June 11, 2013, granting the defendant's motion for summary judgment, is in favor of the defendant and against him dismissing the first, third, fourth, and fifth causes of action and, in connection with the second cause of action, declaring that the deed is valid and that the defendant is the owner in fee of the subject real property, and directing the Clerk of the County of Suffolk to discharge a notice of pendency filed against the subject property.

Ordered that the judgment is modified, on the law, (1) by deleting the provisions thereof dismissing the third, fourth, and fifth causes of action, (2) by deleting the provisions thereof declaring that the subject deed is valid and that the defendant is the sole owner in fee of the subject real property, and (3) by deleting the provision thereof directing the Clerk of the County of Suffolk to discharge the notice of pendency; as so modified, the judgment is affirmed, with costs to the plaintiff, the third, fourth, and fifth causes of action are reinstated, those branches of the defendant's motion which were for summary judgment dismissing the third, fourth, and fifth causes of action and declaring that the deed is valid and that the defendant is the owner in fee of the subject real property are denied, and the order is modified accordingly.

The plaintiff commenced this action against his brother (hereinafter the defendant), alleging, inter alia, that a deed purportedly conveying certain real property from the parties' mother (hereinafter the mother) to the defendant was procured by fraud and undue influence. The mother died prior to the commencement of this action. The deed purportedly conveyed a fee interest in the subject real property to the defendant, subject to retention by the mother of a life estate in the property. The plaintiff appeals from a judgment which, upon an order granting the defendant's motion for summary judgment, among other things, declared that the deed is valid and that the defendant is the owner in fee of the subject real property.

The first cause of action, which sounded in conversion, was

properly dismissed, as no cause of action sounding in conversion will lie where the property that is the subject of the dispute is real property (see *Scott v Fields*, 85 AD3d 756, 757 [2011]; *Dickinson v Igoni*, 76 AD3d 943, 945 [2010]).

The defendant made a prima facie showing of entitlement to judgment as a matter of law dismissing the causes of action seeking the imposition of a constructive trust, to recover damages for unjust enrichment, and for an accounting. He also made the requisite prima facie showing of entitlement to judgment as a matter of law declaring that the deed is valid and that he is the fee owner of the subject real property. Specifically, the defendant demonstrated that the deed was duly executed by the mother and acknowledged before an attorney and a notary public at a time when she possessed the legal capacity to contract, that no undue influence had been exercised upon her, and that no fraud had been committed (see *Hearst v Hearst*, 50 AD3d 959, 962 [2008]). In opposition, however, the plaintiff submitted notarized statements by the mother, as well as an affidavit of an attorney, that raised a triable issue of fact as to whether the mother's signature on the deed was procured under duress and by the defendant's false representations (see *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Accordingly, the Supreme Court should have denied those branches of the defendant's motion which were for summary judgment dismissing the third, fourth, and fifth causes of action and declaring that the subject deed is valid and that the defendant is the fee owner of the subject real property.

In light of our determination, the plaintiff's remaining contention has been rendered academic. Skelos, J.P., Dillon, Duffy and LaSalle, JJ., concur.