■ DONNA FAICCO, Appellant, v MR. LUCKY'S PUB, INC., Doing Business as MR. LUCKY'S PUB, et al., Defendants/Third-Party

Plaintiffs. PENN-STAR INSURANCE COMPANY, Third-Party Defendant-Respondent. [15 NYS3d 893]—In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Martin, J.), entered December 12, 2012, as granted that branch of the motion of the third-party defendant which was, in effect, for summary judgment declaring that the third-party defendant is not obligated to defend or indemnify the defendant in the main action.

Motion by the third-party defendant to dismiss the appeal by the plaintiff from the order, on the ground that the plaintiff is not aggrieved by the order appealed from. By decision and order on motion of this Court dated March 31, 2014, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is,

Ordered that the motion is granted; and it is further,

Ordered that the appeal is dismissed, with costs.

"A person is aggrieved within the meaning of CPLR 5511 'when he or she asks for relief but that relief is denied in whole or in part,' or, when someone 'asks for relief against him or her, which the person opposes, and the relief is granted in whole or in part'" (*Matter of Michael O.F. [Fausat O.]*, 101 AD3d 1121, 1122 [2012], quoting *Mixon v TBV, Inc.*, 76 AD3d 144, 156-157 [2010]; *see* CPLR 5511; *Harris v Pitts*, 109 AD3d 790 [2013]). Here, the order appealed from granted relief to the third-party defendant, Penn-Star Insurance Company, against the defendants/third-party plaintiffs, Mr. Lucky's Pub, Inc., doing business as Mr. Lucky's Pub, and Cheryle Kijik, but not against the plaintiff (*see generally River View at Patchogue, LLC v Hudson Ins. Co.*, 122 AD3d 824 [2014]). Since the plaintiff is not aggrieved by the order appealed from, her appeal must be dismissed (*see Ahrorgulova v Mann*, 108 AD3d 581, 582 [2013]; *Upshur v Staten Is. Med. Group*, 88 AD3d 785, 785 [2011]). Rivera, J.P., Balkin, Miller and LaSalle, JJ., concur.