■ In the Matter of JEREMIAH D., a Child Alleged to be Abused and Neglected. DEON D., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [62 NYS3d 799]—

Purported appeal from decision of fact-finding after a hearing, Family Court, New York County (Susan K. Knipps, J.), entered on or about July 8, 2016, which found that respondent father abused and neglected the subject child, deemed a premature notice of appeal (*see* CPLR 5520 [c]; *Matter of Tyler W. [Janice B.]*, 149 AD3d 968 [2d Dept 2017]) from the order of factfinding, same court (Ta-Tanisha D. James, J.), entered on or about July 11, 2016, and, so considered, said order unanimously affirmed, without costs.

We note that the fact-finding order apparently erroneously omitted the finding of abuse made in the decision and, consistent with the approach taken by the parties, deem it reconciled with the decision.

Petitioner proved by a preponderance of the evidence that respondent neglected and abused the subject child (*see* Family Ct Act § 1046 [a] [ii]). Medical evidence and testimony established that the almost three-month-old child's injuries were the result of an abusive head trauma sustained while he was in the father's exclusive care (*Matter of Philip M.*, 82 NY2d 238, 243 [1993]; Family Ct Act § 1046 [a] [ii]).

Respondent failed to rebut petitioner's case with any credible explanation for the child's condition. The Family Court's credibility findings are entitled to deference and are supported by the record. The court properly rejected respondent's expert's theory that the child's injuries were the result of benign enlargement of the subarachnoid spaces, as this diagnosis, among other things, did not explain the child's retinal hemorrhages or other symptoms, including his having gone limp and stopped breathing (*see Matter of I-Conscious R. [George S.]*, 121 AD3d 566 [1st Dept 2014], *lv dismissed* 24 NY3d 1205 [2015]). Concur—Tom, J.P., Renwick, Mazzarelli, Oing and Singh, JJ.