Daviotis v Kappa Servs. Corp. (2018 NY Slip Op 03121)





Daviotis v Kappa Servs. Corp.


2018 NY Slip Op 03121


Decided on May 2, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2016-10578
 (Index No. 701100/13)

[*1]Demetrios Daviotis, appellant, 
v
Kappa Services Corp., et al., respondents.


Mound Cotton Wollan & Greengrass LLP, New York, NY (Costantino P. Suriano and Jon Quint of counsel), for appellant.
Litchfield Cavo LLP, New York, NY (Edward Fogarty, Jr., of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover for damage to property, the plaintiff appeals from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), dated September 7, 2016. The order denied, as academic, the defendants' motion pursuant to CPLR 3126 to dismiss the complaint for failure to produce a representative of the plaintiff's insurer, New York Property Insurance Underwriters Association, for a deposition or, in the alternative, for an order compelling the deposition of a representative of New York Property Insurance Underwriters Association within 20 days.
ORDERED that the appeal is dismissed, with costs.
A person is aggrieved within the meaning of CPLR 5511 when he or she asks for relief but that relief is denied in whole or in part, or when someone asks for relief against him or her, which the person opposed, and the relief is granted in whole or in part (see Faicco v Mr. Lucky's Pub, Inc., 131 AD3d 920; Mixon v TBV, Inc., 76 AD3d 144). Here, the defendants moved, inter alia, to impose discovery sanctions against the plaintiff, and the order appealed from denied the defendants' motion as academic. Since the plaintiff is not aggrieved by the order appealed from, his appeal must be dismissed (see CPLR 5511; Fiacco v Mr. Lucky's Pub, Inc., 131 AD3d 920; Edgar S. v Roman, 115 AD3d 931).
CHAMBERS, J.P., HINDS-RADIX, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court