Mastrantoni v Mancini (2019 NY Slip Op 02698)





Mastrantoni v Mancini


2019 NY Slip Op 02698


Decided on April 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
SYLVIA O. HINDS-RADIX
BETSY BARROS, JJ.


2017-13459
 (Index No. 53274/16)

[*1]Bianca Mastrantoni, etc., appellant, 
v
Concetta Mancini, respondent.


Keegan, Keegan & Strutt, LLP, White Plains, NY (Barry R. Strutt of counsel), for appellant.
Shapiro Gettinger Waldinger & Monteleone, LLP, Mount Kisco, NY (Mona D. Shapiro of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for a judgment declaring that a certain deed is null and void, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Sam D. Walker, J.), dated December 20, 2017. The judgment, upon an order of the same court dated September 29, 2017, granting the defendant's motion for summary judgment declaring that the subject deed is valid and in full force and effect, is in favor of the defendant and against the plaintiff declaring, inter alia, that the subject deed is valid and in full force and effect.
ORDERED that the judgment is affirmed, with costs.
The plaintiff commenced this action against the defendant, her father's widow, inter alia, for a judgment declaring that a deed dated July 21, 2009, is null and void. Pursuant to that deed, the plaintiff's father, Armando Mancini (hereinafter the decedent), transferred ownership of residential property, where he resided with the defendant for many years, from himself alone to himself and the defendant. The decedent died on October 19, 2014. According to the plaintiff, when the decedent executed the deed, he was incompetent to do so and the conveyance was the product of undue influence.
The defendant moved for summary judgment declaring that the subject deed is valid and in full force and effect. The Supreme Court granted the motion and issued a judgment in favor of the defendant and against the plaintiff declaring, inter alia, that the deed is valid and in full force and effect. The plaintiff appeals.
We agree with the Supreme Court's determination to grant the defendant's motion and to declare, inter alia, that the deed was valid and in full force and effect.
"As a general rule, a party's competence is presumed, and in order to set aside a transfer of property on the ground of lack of capacity, it must be established that the party did not understand the nature of the transaction at the time of the conveyance as a result of his or her mental disability" (Buckley v Ritchie Knop, Inc., 40 AD3d 794, 795; see Preshaz v Przyziazniuk, 51 AD3d [*2]752, 753). Here, the defendant established, prima facie, her entitlement to judgment as a matter of law based upon the presumption of the decedent's competence and by submitting, among other things, the deposition testimony of the attorney who prepared the deed and witnessed its execution with a certificate of acknowledgment, establishing that the deed was properly executed (see CPLR 4538; Valenzano v Valenzano, 98 AD3d 661, 661-662; Preshaz v Przyziazniuk, 51 AD3d at 753). In opposition, the plaintiff failed to raise a triable issue of fact as to the decedent's mental capacity on the day he executed the deed (see Crawn v Sayah, 31 AD3d 367, 368).
Similarly, the defendant established, prima facie, that the decedent's conveyance of the subject property by the deed was not the product of undue influence (see Crawford v Smith, 130 AD3d 968, 969; Harris v Pitts, 109 AD3d 790, 791). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Bazigos v Krukar, 140 AD3d 811, 814).
The plaintiff's remaining contentions are without merit.
SCHEINKMAN, P.J., RIVERA, HINDS-RADIX and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court