Matter of Malachi O. B. (Keneta K. B.) (2020 NY Slip Op 00541)





Matter of Malachi O. B. (Keneta K. B.)


2020 NY Slip Op 00541


Decided on January 28, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 28, 2020

Friedman, J.P., Webber, Kern, González, JJ.


10895 -2376/17

[*1] In re Malachi O. B., A Child Under Eighteen Years of Age, etc., Keneta K. B., Respondent-Appellant, The Children's Aid Society, Petitioner-Respondent.


Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for appellant.
Rosin Steinhagen Mendel PLLC, New York (Marion C. Perry of counsel), for respondent.
Karen Freedman, Lawyers for Children, Inc., New York (Shirim Nothenberg of counsel), attorney for the child.



Purported appeal from a decision, Family Court, New York County (Emily M. Olshansky, J.), entered on or about December 19, 2018, which denied respondent mother's motion to vacate her default, deemed a premature notice of appeal (see CPLR 5520[c]; Matter of Jeremiah D. [Deon D.], 155 AD3d 414 [1st Dept 2017]) from the order, same court and Judge, entered on or about January 10, 2019, and, so considered, said order, unanimously affirmed, without costs.
The court properly denied the mother's motion to vacate her default. The mother's assertion that she missed the fact-finding and dispositional hearings because she did not know when the fact-finding hearing was scheduled to commence was not a reasonable excuse for her failure to appear. There is no dispute that she and her counsel were present when the date for the hearing was selected (see Matter of Roberto O. [Lakeysha H.], 166 AD3d 435, 435-436 [1st Dept 2018]; CPLR 5015[a][1]). Although the mother averred in her affidavit that at some point in mid-September 2018, a caseworker told her that the hearing would begin in November 2018, she does not explain why she did not ascertain or confirm the hearing date by contacting her counsel, the agency or the court (see Matter of Yadori Marie F. [Osvaldo F.], 111 AD3d 418, 419 [1st Dept 2013]).
In light of the mother's failure to establish a reasonable excuse for her nonappearance for the November 8, 2018 hearing, this Court need not determine whether she established a
meritorious defense to the permanent neglect petition (see Matter of Michael P., 165 AD3d 497, 498 [1st Dept 2018], lv denied 32 NY3d 1135 [2019]). In any event, the record establishes that she did not set forth a meritorious defense.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 28, 2020
CLERK