Z.L. v Mount Sinai Hosp. (2022 NY Slip Op 04112)

Z.L. v Mount Sinai Hosp.

2022 NY Slip Op 04112

Decided on June 23, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 23, 2022

Before: Renwick, J.P., Kern, Kennedy, Mendez, Higgitt, JJ. 

Index No. 805660/15 Appeal No. 16177 Case No. 2021-04535 

[*1]Z.L., an Infant Under the Age of 14 Years, by Her Appointed Guardian Ad Litem, Alexander Levy, Plaintiff- Respondent,
v
The Mount Sinai Hospital, et al., Defendants- Appellants, "John Doe", M.D., et al., Defendants.

Heidell, Pittoni, Murphy & Bach, LLP, White Plains (Daniel S. Ratner of counsel), for appellants.
Mischel & Horn, P.C., New York (Scott T. Horn of counsel), for respondent.

Order, Supreme Court, New York County (George J. Silver, J.), entered on or about August 5, 2021, which denied defendants-appellants' motion for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Defendants treated the infant plaintiff's mother for epilepsy. To control her seizures, they prescribed valproic acid (VPA), which the mother had been taking for years while under the care of other physicians. Unbeknownst to all, while she was on VPA, the mother conceived the infant plaintiff. Although the VPA was discontinued when the mother learned that she was pregnant, the infant was born with spina bifida, for which she seeks to hold defendants responsible.
It is well established that an infant has no cause of action for preconception negligence (Albala v City of New York, 54 NY2d 269 [1981]; see also Enright v Eli Lilly & Co., 77 NY2d 377 [1991], cert denied 502 US 868 [1991]; John v De Vivo, 179 AD3d 597 [1st Dept 2020]; Upshur v Staten Is. Med. Group, 88 AD3d 785 [2d Dept 2011], lv denied 18 NY3d 804 [2012]). The infant's claims that defendants failed to ensure that her mother was on birth control and monitored regularly for pregnancy while on VPA sound in "wrongful life," for which there is also no cause of action (see Spano v Bertocci, 299 AD2d 335, 337 [2d Dept 2002]; see also Sample v Levada, 8 AD3d 465, 467 [2d Dept 2004]).
We have considered the remaining arguments, including the applicability of the continuous treatment doctrine, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 23, 2022