Matter of T.M. (C.V.) (2026 NY Slip Op 01312)

Matter of T.M. (C.V.)

2026 NY Slip Op 01312

Decided on March 10, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 10, 2026

Before: Renwick, P.J., Kennedy, Friedman, Mendez, Hagler, JJ. 

Docket No. B-25752/22|Appeal No. 6019|Case No. 2024-02169|

[*1]In the Matter of T.M., A Dependent Child Under Eighteen Years of Age, etc., C.V., Respondent-Appellant, New Alterantives for Children, Inc., et al., Petitioners-Respondents.

The Barrett Law Firm. P.C., New York (Amy J. Barrett of counsel), for appellant.
Dawn M. Shammas, New York, for New Alterantives for Children, Inc., respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Polixene Petrakopoulos of counsel), attorney for the child.

Purported appeal from decision of fact-finding after a hearing, Family Court, Bronx County (Sarah P. Cooper, J.), entered on or about March 4, 2024, which found that respondent mother permanently neglected the subject child, terminated her parental rights and transferred custody of the child to the Commissioner of Social Services for the purpose of adoption, deemed a premature notice of appeal (see CPLR 5520[c]; Matter of Jeremiah D. [Deon D.], 155 AD3d 414, 414 [1st Dept 2017]) from the order of fact-finding and disposition, same court and Judge, entered on or about March 21, 2024, and, so considered, said order unanimously affirmed, without costs.
The finding that the mother permanently neglected the child is supported by clear and convincing evidence (Social Services Law § 384-b [7] [a]). The credible evidence established that petitioner agency discharged its statutory obligation to exert diligent efforts to encourage and strengthen the parental relationship by, among other things, scheduling regular in-person and virtual visitation, arranging for car service transportation at the agency's expense to and from visits, arranging for dyadic therapy to take place during visits, referring the mother to individual counseling, attempting to confirm compliance with mental health services and a parent advocate, and attempting to maintain regular contact with the mother, whose telephone number changed multiple times through the relevant time period. The mother was also reminded multiple times of the need to comply with her service plan in order to help reunite her with the child (see Matter of Faith J. [Kimberly J.], 200 AD3d 611, 611 [1st Dept 2021]).
The record contradicts the mother's argument, raised for the first time on appeal, that the agency failed to expend diligent efforts by not providing her with referrals for domestic violence services, and therefore Family Court erred in proceeding to fact-finding and disposition as to permanent neglect. The mother admitted that she did not identify herself as a victim of domestic violence until March 2022, and, upon learning that she was in an abusive relationship, the case planner appointed the mother a parent advocate to assess services that would be beneficial to her and offered to make a referral for domestic violence counseling, which the mother declined. Notably, the mother did not explain why she continued to miss visits with the child while her alleged abuser was incarcerated.
Notwithstanding the agency's diligent efforts, the mother failed to plan for the child's future by failing to maintain contact with the child and failing to plan for reunification with the child (see Matter of Star Leslie W., 63 NY2d 136, 142-143 [1984]). The mother's failure to attend the majority of her visits with the child, to say nothing of her behavior during those visits, was in itself a basis to find permanent neglect (see Matter of Angelica D. [Deborah D.], 157 AD3d 587, 588 [1st Dept 2018]; Matter of Lamani C.H. [Lucia T.G.], 179 AD3d 501, 502 [1st Dept 2020]). While the mother completed some of the requirements of her service plan, she did not comply with individual therapy or maintain contact with the agency, and neither acknowledged nor remedied the conditions that led to the child's placement in the first instance, especially her mental health issues, during the relevant time period (see Matter of E.M. [Josephine B.], 235 AD3d 593, 593-594 [1st Dept 2025]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 10, 2026